**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| E.F., a minor, by and through, LAQUARBASHAUN FORD, his mother,<br><br>　　　Plaintiff,<br><br>v.<br><br>TROUP COUNTY SCHOOL SYSTEM, DAVID SHUMATE, in his individual and official capacity, and ALTON WHITE, in his individual and official capacity,<br><br>　　　Defendants. | CIVIL ACTION FILE<br>NO. 3:19-cv-141-TCB |

**DECLARATION OF W. ALTON WHITE, JR.**

STATE OF GEORGIA
COUNTY OF TROUP

　　　COMES NOW, **W. ALTON WHITE, JR.** and in accordance with 28 U.S.C.

§ 1746, hereby declares as follows:

1.

　　　My name is W. Alton White. I am over the age of twenty-one (21). I am

competent to make this Declaration and have personal knowledge of the

information set forth herein. I understand that this Declaration is for use in

connection with the above-captioned civil action, and I give it freely for that

purpose.

2.

I am employed by the Troup County School District as principal of LaGrange High School. I have held this position since March 1, 2016. My employment duties include supervision and oversight of school administration, faculty, students, and school records.

3.

E.F. was assigned to attend LaGrange High School, his zoned school, as a student within the Troup County School District. During his time at LaGrange High School, E.F. was disciplined on multiple occasions for fighting and threatening and intimidating conduct. As a result of his disciplinary issues, E.F. was assigned at times to The HOPE Academy, an alternative school within the Troup County School District.

4.

E.F. attended the HOPE Academy from August 9, 2018 through December 4, 2018 during the 2018-19 school year. He then reenrolled in LaGrange High School on December 5, 2018. On or about December 7, 2018, E.F. was charged with violating Troup County Board of Education Policy JCDA STUDENT BEHAVIOR CODE AND DISCIPLINARY PROTOCOL Regulation JCDA, 7.10 (Participation in Gang Activity) for his conduct at LaGrange High School. A true and correct copy of Policy JCDA, which is kept and maintained in the ordinary course of business by the Troup County School District, is attached hereto as Exhibit 1. Section 7.10 of the policy provides:

[2]

No student shall actively participate in any street gang with knowledge that its members engage in or have engaged in a pattern of gang activity and who willfully promotes, furthers, or assists in any criminal conduct or violation of school rules, or represents himself or herself as being a gang member.

5.

E.F.'s conduct was presented to a disciplinary hearing tribunal. On December 18, 2014, the tribunal, which having considered the evidence presented at the hearing, found that E.F. did commit the offense of Participation in Gang Activity on or about Friday, December 7, 2018 when he was observed by the School Resource Officer posing for a number pictures while making hand gestures consistent with those that represent a gang. A true and correct copy of the decision of the disciplinary hearing tribunal, which is kept and maintained in the ordinary course of business of the Troup County School District, is attached hereto as Exhibit 2.

6.

The proceedings of a hearing tribunal are governed by Troup County Board of Education Policy JCEB: STUDENT HEARING PROCEDURE. In connection with the procedures established by this policy, I, as principal, am generally required to send a Notice of Charge and Hearing to the student alleged to have violated school policies. In the Notice, I outline the procedures that govern the hearing in accordance with Paragraph 3(a) of the Policy JCEB. The procedures established under JCEB permit a student to present evidence in his or her defense; cross-examine witnesses, and be represented by counsel. I also

include in the notice a list of potential witnesses that will be called to testify, and a brief statement of the matters asserted and what the charges against the student are. A true and correct copy of the relevant policy, which is kept in the ordinary course of business by the Troup County School District is attached hereto as Exhibit 3.

7.

As a result of the tribunal's finding that E.F. committed the offense of Participation in Gang Activity, he was disciplined by being assigned to The HOPE Academy for the remainder of the 2018-19 school year. [See Exhibit 2, p. 3].

8.

Following the Spring Semester of the 2018-19 school year, E.F. attended summer school at LaGrange High School. E.F. completed his summer school session on July 10, 2019.

9.

On July 15, 2019, one of my assistant principals, James Bozeman, informed me that he saw a video posted to Facebook over the previous weekend that depicted questionable conduct by E.F. and others. Bozeman provided me a link to the video, and I viewed it. Because of the questionable conduct in the video, I referred the matter to Lane Hamer, the School Resource Officer for LaGrange High School. Following Hamer's consultation with the Special

[4]

Investigation Unit of the LaGrange Police Department, Hamer informed me that the hand signs and gestures made by E.F. in the  video were gang-related and that the gun(s) in the video had the appearance of a real handgun.

10.

Based on my viewing of the video and the information provided to me by Hamer, I charged E.F. with violating Troup County Board of Education Policy JCDA  STUDENT  BEHAVIOR  CODE  AND  DISCIPLINARY  PROTOCOL Regulation JCDA, 7.10 (Participation in Gang Activity) and 12.08 (Outside Conduct). A true and correct copy of Policy JDCA, which is kept and maintained in the ordinary course of business by the Troup County School District and includes Section 12.08, is attached hereto as Exhibit 1. Section 12.08 of the policy provides: "A student who commits any act or exhibits conduct outside of school hours or away from school which may adversely affect the educational process or endanger the health, property, safety, morals, or well-being of other students, teachers, or employees within the school system  may be disciplined hereunder."

11.

E.F.'s conduct was presented to a disciplinary hearing tribunal. On September 4, 2019, the tribunal, which having considered the evidence presented at the hearing, found that E.F. did commit the offenses of Participation in Gang Activity and Outside Conduct in the video published on YouTube. A true and correct copy of the decision of the disciplinary hearing tribunal, which is kept

[5]

and maintained in the ordinary course of business by the Troup County School District, is attached hereto as Exhibit 4.

12.

As a result of the tribunal's findings that E.F. committed the identified offenses, E.F. was expelled from LaGrange High School for the remainder of the Fall semester of the 2019-20 school year. While expelled, E.F. is prohibited from attending any curricular or extra-curricular activities within the Troup County School District. E.F. was further disciplined by being assigned to The HOPE Academy for the Spring semester of the 2019-20 school year.

13.

Despite the expressed prohibition from attending any Troup County School District functions while expelled, E.F. attending a high school football game at Callaway Stadium for a game between two Troup County School District high schools on September 20, 2019. While at the Troup County School District event in violation of the terms of his expulsion, E.F. was arrested for disorderly conduct.

14.

E.F. currently needs seven (7) more credits to graduate high school within the Troup County School District. Although E.F. is currently expelled for the Fall semester of the 2019-20 school year, he is permitted to earn credits online through the Georgia Cyber Academy or Georgia Connections Academy free of charge. It is my understanding that the Georgia Cyber Academy also provides students with computer and internet access if needed. The Troup County School

District accepts transfer credits from both the Georgia Cyber Academy and the Georgia Connections Academy.

15.

Regardless of E.F.'s access to online options for obtaining school credits during the Fall semester of the 2019-20 school year, it is possible for him to earn the seven (7) credits needed to graduate during the Spring semester of the 2019-20 school year at The HOPE Academy. If E.F. attends The HOPE Academy for the Spring semester of the 2019-20 school year and obtains the remaining seven (7) credits during that semester, he is able to graduate on time with his peers at the end of the 2019-20 school year.

16.

LaGrange High School has had on-going issues with gang-related activity since I began as principal on May 1, 2016 and even before that date. In January of 2016, on the date of my interview for the principal position, it was learned that a gang member brought a gun to LaGrange High School with the intent to shoot someone. Since that time, the LaGrange High School administration continues to actively combat gang-related activity by students attending LaGrange High School.

I have read this Declaration comprised of sixteen (16) separately numbered paragraphs, and I declare under penalty of perjury that the foregoing is true and correct.

[7]

Executed on this 21st day of October, 2019.

_____
W. ALTON WHITE, JR.

| Policy JCDA: Student Code of Conduct | Troup County Schools |
|---|---|
| Original Adopted Date: 01/01/1900 \| Last Revised Date: 07/17/2014 | Status: ADOPTED |

**A.**    **STATEMENT OF PURPOSE** - The Troup County Board of Education strongly believes that appropriate behavior and conduct of all students in the Troup County Schools is necessary to create a proper learning environment, to maintain good order and discipline, and to teach and instill in all students the attitude of being law abiding citizens. The rules, regulations, and due process procedures set forth herein are designed to guide all students in the exercise of their duty of appropriate behavior.

**B.**    **EFFECTIVE TIME AND LOCATION** - These rules are effective during the following times and in the following places:

**1.**    On the school grounds during and immediately before or immediately after school hours or off school grounds while enroute to or from school.

**2.**    On the school grounds at any other time when the school is being used by a school group or at school related functions.

**3.**    Off the school grounds at a school activity, function, or event.

**4.**    Enroute to and from school on a school bus or other school vehicle or while waiting off school grounds at a designated school bus stop for a school bus to transport a student to or from school or a school activity.

**5.**    Off school grounds when the prohibited conduct is directed, because of a school-related connection, against the person, family, property, privacy or tranquility of an employee of the Troup County Board of Education.

**6.**    Apply to conduct by student whether directed to or committed upon another student or a teacher, administrator, or other school personnel or toward persons attending school related functions.

**7.**    Apply to any off-campus behavior of a student which could result in the student being criminally charged with a felony and which makes the student's continued presence at school a potential danger to persons or property at school or which disrupts the educational process.

These offenses are applicable to include acts against students, teachers, administrators, bus drivers, or other school personnel, as well as persons legitimately on school property or attending school related functions.

**C.**    **STUDENT BEHAVIOR CODE**

Accordingly, the following listing of offenses and conduct are declared to be prohibited by all students enrolled in the Troup County Schools. Violation of this policy shall result in disciplinary actions and may include appropriate hearings and review, and the suspension, short or long term, or the expulsion of a student from the school in accordance with Troup County Board of Education policies.

**OFFENSES INVOLVING THE PERSON**

EXHIBIT

**1.01** Simple Assault - A student commits the offense of simple assault when he/she either: (1)  Attempts to commit a violent injury to the person of another; or (2)  Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

**1.02** Aggravated Assault **(Mandatory Hearing Offense)** - A student commits the offense of aggravated assault when he/she assaults:  (1) with intent to rob; or (2) with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.

**1.03** Simple Battery - A student commits the offense of simple battery when he/she either: (1)  Intentionally makes physical contact of an inappropriate, insulting, or provoking nature with the person of another; or (2)  Intentionally makes physical contact or causes physical harm to another unless such physical contact or harm was in defense of himself or herself.

**1.04** Battery **(Mandatory Hearing Offense)** - A student commits the offense of battery when he/she intentionally causes substantial physical harm or visible bodily harm to another.  The term "visible bodily harm" means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or their facial or body parts, or substantial bruises to body parts.

**1.05** Aggravated Battery **(Mandatory Hearing Offense)** - A student commits the offense of aggravated battery when he/she maliciously causes bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof.

**1.06** Hazing **(Mandatory Hearing Offense)** - A student commits the offense of hazing when he/she subjects another student to an   activity which endangers or is likely to endanger the physical health of a student, regardless of a student's willingness to participate in such activity, in connection with or   as a condition or precondition of gaining acceptance, membership, office, or other status   in a school organization.

**1.07** Affray - A student who commits the offense of affray when he/she fights with one or more other   persons in a public place to the disturbance of the school tranquility.

**1.08** Bullying - A student commits the offense of bullying when the student commits an act which occurs on school property, on school vehicles, at designated school bus stops, or at school related functions or activities, or by use of data or software that is accessed through a computer, computer system, computer network, or other electronic technology of a local school system, that is:   (1) any willfully attempt or threat to inflict injury on another person, when accompanied by an apparent present ability to do so; (2) any intentionally display of force such as would give the victim reason to fear or expect immediate bodily harm; or (3) any intentional written, verbal, or physical act, which a reasonable person would perceive as being intended to threaten, harass, or intimidate, that: (a) causes another person substantial physical harm within the meaning of Code Section 16-5-23.1 or visible bodily harm as such term is defined in Code Section 16-5-23.1; (b) has the effect of substantially interfering with a student's education; (c) is so severe, persistent, or pervasive that it creates an intimidating or threatening educational environment; or  (d) has the effect of substantially disrupting the orderly operation of the school.

**1.09** Cyberbullying – Cyberbullying is defined as:

**A.** A student commits the offense of cyberbullying when the student uses any electronic communication, by individuals or groups to: (1) make a true threat against a

student or school employee; (2) materially disrupt school operations; or (3) substantially impinge on the rights of another student such as, but not limited to:  creating reasonable fear or harm to the student's person or property; creating a substantially detrimental effort on the student's physical or mental health; substantially interfering with a student's academic performance or interfering with the student's ability to participate in or benefit from the services, activities, or privileges provided by the school; or being so severe, persistent, or pervasive as to cause severe emotional distress.

**B.**     Includes conduct that is based on, but not limited to, a student's actual or perceived race, color, national origin, gender, religion, disability, sexual orientation or gender identity, distinguishing physical or personal characteristic, socioeconomic status; or association with any person identified in Section I (2)(b)(i)-(ix).

**C.**     As used herein, the term "electronic communications" means communications through any electronic device, including, but not limited to, computers, telephone, mobile phone, and pagers, and any type of communication, including, but not limited to, emails, instant messages, text messages, pictures messages, and websites.

**D.**     <u>Jurisdiction for Cyberbullying</u>: **(**1) No student shall be subjected to cyberbullying by an electronic communication that bears the imprimatur of the school regardless of whether such electronic communication originated on or off the school's campus. (2) The school shall have jurisdiction to prohibit cyberbullying that originates on the school's campus if the electronic communication was made using the school's technological resources or the electronic communication was made on the school's campus using the student's own personal technological resources. (3) The school shall have jurisdiction to prohibit cyberbullying that originates off the school's campus if: (a) it was reasonably foreseeable that the electronic communication would reach the school's campus; or (b) there is a sufficient nexus between the electronic communication and the school which includes, but is not limited to, speech that is directed at a school-specific audience, or the speech was brought onto or accessed on the school campus, even if it was not the student in question who did so.

**1.10** <u>Verbal/Visual Assault</u> - A student commits the offense of verbal/visual assault when he/she either: (1) Utters a racial slur or implied racial slur; (2) makes an insensitive or insulting comment related to socio-economic status; (3) displays or wears symbols or emblems which is commonly known to be offensive, cause a student to feel belittled, inferior or embarrassed (4) makes disparaging, belittling or disrespectful comments about another student or his/her family.


## OFFENSES INVOLVING THEFT

**2.01**   <u>Theft by Taking</u> - A student commits the offense of theft by taking when he/she unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.

**2.02**   <u>Theft of Lost or Mislaid Property</u> - A student commits the offense of theft of lost or mislaid property when he/she comes into control of property that he knows or learns to have been lost or mislaid and appropriates the property to his own use without first taking reasonable measures to restore the property to the owner.

**2.03**   <u>Theft by Receiving Stolen Property</u> - A student commits the offense of theft by receiving stolen property when he/she receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained

with intent to restore it to the owner. "Receiving" means acquiring possession or control of the property.

**2.04** Theft by Extortion **(Mandatory Hearing Offense)** A student commits the offense of theft by extortion when he/she unlawfully obtains property of or from another person by threatening to: (1) Inflict bodily injury on anyone or commit any other criminal offense; (2) Accuse anyone of a criminal offense; (3) Disseminate any information tending to subject any person to hatred, contempt, or ridicule; or (4) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense.

## OFFENSES INVOLVING ROBBERY

**3.01** Robbery **(Mandatory Hearing Offense)** - A student commits the offense of robbery when, with intent to commit theft, he/she takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (3) By sudden snatching.

**3.02** Armed Robbery **(Mandatory Hearing Offense)** - A student commits the offense of armed robbery when, with intent to commit theft, he/she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

## OFFENSES INVOLVING WEAPONS

**4.01** Weapons, Dangerous Instruments, or Explosive Compounds **(Mandatory Hearing Offense)** - No student shall possess, handle, carry or have under his/her control any weapon or explosive compound to include fireworks of any kind.  The term "weapon" means and includes any pistol, revolver, or any weapon designed or intended to propel a missile of any kind, or any dirk, bowie knife, switchblade knife, ballistic knife, any other knife regardless of the length of the blade, box cutter, straight-edge razor, razor blade, spring stick, metal knucks, blackjack, or any flailing instrument which may be known as a nun chahka, nun chuck, nunchaku, shuriken, or fighting chain, or any disc, of whatever configuration, which is designed to be thrown or propelled and which may be known as a throwing star or oriental dart, or mace or pepper gas, or any other object which may be used to injure or harm another.

**4.02** Replica of Dangerous Instruments, or Explosive Compounds - No student shall possess, handle, carry or have under his/her control any replica of weapons or explosive compounds described in 4.01.

## OFFENSES INVOLVING DRUGS, ALCOHOL AND TOBACCO

**5.01** Possession of Drugs or Alcohol **(Mandatory Hearing Offense)** - A student shall not have, possess, handle, carry or exercise control over or transmit any controlled substance or dangerous drug prohibited by Georgia law to include but not limited to marijuana, cocaine, amphetamine, barbiturate or alcoholic beverages of any kind; nor shall a student have, possess, carry, handle or exercise control over or transmit marijuana, synthetic marijuana,

or any substance represented or thought to be controlled substance, dangerous drug, or alcoholic beverage.

**5.02** Sale of Drugs or Alcohol **(Mandatory Hearing Offense)** - A student shall not sell or attempt to sell or buy or attempt to buy any controlled substance or dangerous drug prohibited by Georgia law or substances represented or thought to be drugs or alcoholic beverages of any kind.

**5.03** Use of Drugs or Alcohol **(Mandatory Hearing Offense)** - A student shall not use or be under the influence of any alcoholic beverage of any kind, controlled substance or dangerous drug prohibited by Georgia law or any drugs except by a prescription from a physician for a specific medical condition.

**5.04** Possession or Use of Tobacco Products  - No student shall have, handle, possess, carry or exercise control over or use tobacco products of any nature, including but not limited to cigars, cigarettes, snuff, chewing tobacco, pipe tobacco, or electronic cigarettes.

**5.05** Drug Related Objects **(Mandatory Hearing Offense)** - A student shall not have, handle, possess, carry or exercise control over a drug related object.  A drug related object means any machine, instrument, tool, equipment, contrivance, or device which an average person would reasonably conclude is intended to be used for one or more of the following purposes: (1) To introduce into the human body any dangerous drug or controlled substance under circumstances in violation of the laws of this state; (2) To enhance the effect on the human body of any dangerous drug or controlled substance under circumstances in violation of the laws of this state; (3) To conceal any quantity of any dangerous drug or controlled substance under circumstances in violation of the laws of this state; or (4) To test the strength, effectiveness, or purity of any dangerous drug or controlled substance under circumstances in violation of the laws of this state.

## OFFENSES INVOLVING FALSE INFORMATION

**6.01** False Statement - A student to whom a request has been made by a school official to provide information regarding any school related matter commits the offense of furnishing a false statement when he/she, knowingly and willfully, makes a false statement, whether orally or in writing.

**6.02** Perjury - A student to whom a lawful oath or affirmation has been administered commits the offense of perjury when, in a student disciplinary proceeding, he/she knowingly and willfully makes a false statement material to the issue or point in question.

**6.03** Forgery - A student commits the offense of forgery when he/she knowingly makes, alters, or possesses any school related writing, record, or document in a fictitious name or in such manner that the writing, record or document as made or altered purports to have been made by another person, or at another time with different provisions, or by authority of one who did not give such authority.

## OFFENSES INVOLVING SCHOOL ORDER

**7.01** Threats and Intimidation - A student commits the offense of threats and intimidation when he/she by words, verbal or written or by physical action (1) threatens to commit any act of

violence against another; (2) causes another to fear for his or her safety; or (3) threatens to burn or damage a school building, school facility or bus or causes the evacuation thereof.

**7.02** <u>Riot</u> **(Mandatory Hearing Offense)** - Any two or more students commit the offense of riot when they do an unlawful act of violence or any other act in a violent and tumultuous manner.

**7.03** <u>Inciting to Riot</u> **(Mandatory Hearing Offense)** - A student commits the offense of inciting to riot when, with intent to riot, he/she does an act or engages in conduct which urges, counsels, or advises others to riot, at a time and place and under circumstances which produce a clear and present danger of a riot.

**7.04** <u>Preventing or Disrupting Gatherings</u> - A student shall not recklessly or knowingly commit any act which may reasonably be expected to prevent or disrupt a school meeting, gathering, procession or assembly.

**7.05** <u>False Report of a Crime</u> - A student shall not willfully or knowingly give or cause a false report of a crime to be given to any law enforcement officer or school official.

**7.06** <u>False Report of a Fire</u> **(Mandatory Hearing Offense)** - A student shall not transmit in any manner to a fire department, a false report of a fire, knowing at the time that there is no reasonable ground for believing that such fire exists.

**7.07** <u>False Public Alarm</u> **(Mandatory Hearing Offense)** - A student who transmits in any manner a false alarm to the effect that a bomb or other explosive of any nature is concealed in such place that its explosion would endanger human life, knowing at the time that there is no reasonable ground for believing that such a bomb or explosive is concealed in such place, commits the offense of transmitting a false public alarm.

**7.08** <u>Refusal to Obey a School Official</u> - A student shall not refuse to obey the directions, requests or orders of a school official.

**7.09** <u>Influencing Witnesses</u> **(Mandatory Hearing Offense)** - A student shall not with intent to deter a witness from testifying freely, fully, and truthfully to any matter pending in any disciplinary or in any administrative proceeding, communicate directly or indirectly, to such witness any threat of injury or damage to the person, property or employment of any relative of the witness or who offers or delivers any benefit, reward, or consideration to such witness or to a relative of the witness.

**7.10** <u>Participation in Gang Activity</u> **(Mandatory Hearing Offense)** - No student shall actively participate in any street gang with knowledge that its members engage in or have engaged in a pattern of gang activity and who willfully promotes, furthers, or assists in any criminal conduct or violation of school rules, or represents himself or herself as being a gang member.

**7.11** <u>Threat of Physical Violence to School Personnel</u> **(Mandatory Hearing Offense)** - No student shall offer to commit or threaten to commit any act of physical violence against any teacher, administrator, other school personnel employee or bus driver employed by the Troup County Board of Education.


**OFFENSES INVOLVING DAMAGE TO PROPERTY**

**8.01** <u>Damage to School Property</u> - A student commits the offense of damage to school property when he/she destroys, damages, marks or defaces school property.  School property shall include, but not be limited to text books, library books, reference materials, desks, lockers, athletic equipment, school buses and school facilities.

**8.02** <u>Damage to Private Property</u> - A student shall not damage, destroy, mark or deface the personal property of other students, school personnel or any person legitimately on school grounds or attending a school function.

**8.03** <u>Unauthorized Entry</u> - A student commits the offense of unauthorized entry when he/she knowingly and without authority enters the locker or desk of another person or into any part of any vehicle for an unlawful purpose.


## OFFENSES INVOLVING ATTEMPT, SOLICITATION AND CONSPIRACY

**9.01** <u>Party to an Offense</u> - Every student concerned in the commission of an offense of the Student Behavior Code is a party thereto and may be charged with the offense.  A student is concerned in the commission of an offense only if he/she: (1) Directly commits the offense; (2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any offense in fact; (3) Intentionally aids or abets in the commission of the offense; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the offense.

**9.02** <u>Attempt</u> - A student commits the offense of attempt when, with intent to commit a specific offense, he/she performs any act which constitutes a substantial step toward the commission of that offense.

**9.03** <u>Solicitation</u> - A student commits the offense of solicitation when, he/she solicits, requests, commands, importunes, or otherwise attempts to cause the other person to engage in conduct which would constitute an offense under or which would be a violation of the Troup County School District Behavior Code.

**9.04** <u>Conspiracy</u> - A student commits the offense of conspiracy when he/she together with one or more persons conspires to commit any offense and any one or more of such persons does any overt act to affect the object of the conspiracy.


## OFFENSES INVOLVING ACADEMIC ACHIEVEMENT

**10.01** <u>Academic Achievement</u> - A student shall make a reasonable effort toward academic achievement and progress. Refusal or failure to make a reasonable effort toward academic achievement and progress shall constitute an offense hereunder.

**10.02** <u>Completion of Assignments</u> - A student shall complete all classes and homework assignments.  Continued or repeated   refusal or failure to complete such class or homework assignments shall constitute an offense hereunder.

**10.03** <u>Disruptive Conduct</u> - No student shall conduct himself or behave in any manner which is disruptive to the orderly educational process in a classroom or other instructional setting.

**10.04** <u>Cheating</u> - A student shall not cheat on tests, examinations, projects, homework or reports by giving or receiving unauthorized assistance.

**10.05** <u>Unexcused Absence and Tardiness</u> - A student shall not be unlawfully absent from school, cut or skip any class, be tardy or leave the school during the school day without permission from a school official. Students must comply with compulsory attendance as required under O.C.G.A. Section 20-2-609.1 which requires that students between the age of six and sixteen must be enrolled and attend a public school, private school, or home student program.

## OFFENSES INVOLVING COMMUNICATION WITH OTHERS

**11.01** <u>Rude or Disrespectful Behavior</u> - A student shall at all times show respect for all school officials and shall not talk back to, argue with, or in any manner, whether by tone or voice, action or use of words, be disrespectful to a school official.

**11.02** <u>Use of Profane or Obscene Language</u> - No student shall use profane, vulgar or obscene words, gestures or other actions to any other student or school personnel or any person legitimately on school grounds or attending a school function.

## OFFENSES INVOLVING MISCELLANEOUS MATTERS

**12.01** <u>Inappropriate Display of Affection</u> - A student shall not engage in any inappropriate display of affection with another student to include but not limited to holding hands, kissing or embracing.

**12.02** <u>Criminal Conduct</u> - A student shall not violate any of the criminal laws of the State of Georgia, not otherwise defined in this Disciplinary Code.

**12.03** <u>Electronic Devices</u> - No student shall use an electronic communication device, to include a cell phone during the regular school day except as may be provided for by the student handbook.

**12.04** <u>Gambling</u> - No student shall gamble or solicit others to gamble. Gambling shall include but not be limited to betting on any event, shooting dice, matching, or playing poker or other games of chance. No student shall solicit, offer to buy, sell, trade or arrange for the purchase of lottery tickets sold by the State of Georgia.

**12.05** <u>Other Conduct</u> - Any conduct not specifically provided for herein which operates to the prejudice of the good order and discipline of the schools of Troup County shall constitute an offense hereunder for which disciplinary action may be taken.

**12.06** <u>Other Policies</u> - Violation of any other policies of the Troup County Board of Education shall constitute an offense hereunder for which disciplinary action may be taken.

**12.07** <u>Disruption of Educational Climate</u> - A student who has been arrested, charged, or convicted of a felony, whether as a juvenile or an adult, or arrested, charged, or convicted of a violation of the Georgia Controlled Substances Act and whose continued presence at school is reasonably certain to endanger other students or school officials or to cause a substantial disruption to the educational climate may be disciplined hereunder.

**12.08** <u>Outside Conduct</u> - A student who commits any act or exhibits conduct outside of school hours or away from school which may adversely affect the educational process or endanger

the health,    property, safety, morals, or well-being of other students, teachers, or employees within the school system  may be disciplined hereunder.

**12.09  Chronic Misbehavior** - A student commits the offense of chronic misbehavior when he/she engages in repeated, continued or habitual acts of misconduct which acts, when considered together (a) are reflective of a defiance of school authority, (b)  significantly interfere with the learning opportunities of fellow students, or (c) are indicative of an abandonment or disregard of educational opportunities available to the student.  Willful and persistent violations of the Troup County School District Student Behavior Code may be disciplined hereunder.

**12.10  Reckless Conduct** - A student commits the offense of reckless conduct when he/she causes bodily harm or endangers the physical safety or the health of another by disregarding a substantial or unjustifiable risk that the student's conduct will cause harm or endanger another.  Such reckless conduct includes but is not limited to such conduct as throwing objects, propelling objects with a rubber band, spitting, transmitting bodily fluids or excessive horseplay.

**12.11  Violation of Probation** – A student who has been placed on probation by a disciplinary decision and violates the terms of such probation may be disciplined hereunder for such violation.


**OFFENSES INVOLVING SCHOOL TEACHERS, ADMINISTRATORS, OTHER SCHOOL PERSONNEL AND BUS DRIVERS**

**13.01  Physical Violence of an Insulting or Provoking Nature to School Personnel  (Mandatory Hearing Offense)** - No student shall commit any act of physical violence against any teacher, administrator, other school personnel employee or bus driver employed by the Troup County Board of Education.  Physical violence in this offense is defined as intentionally making physical contact in an insulting or provoking nature with the person of a teacher, administrator, school employee or bus driver.

**13.02  Physical Violence Causing Physical Harm to School Personnel (Mandatory Hearing Offense)** - No student shall commit any act of physical violence against any teacher, administrator, other school personnel employee or bus driver employed by the Troup County Board of Education.  Physical violence in this offense is defined as intentionally making physical contact which causes physical harm to another unless  such physical contact or harm were in defense of himself or herself.


**OFFENSES INVOLVING BUS CONDUCT**

No student shall commit any violation of any of the offenses contained in the Student Behavior Code specified on a public school bus to include, but not limited to, assault, simple assault, aggravated assault, simple battery, aggravated battery, bullying, verbal assault or disrespectful conduct toward the school bus driver.  In addition thereto the following offenses shall apply to school buses:

**14.01  Electronic Devices** - No student shall use an electronic device during the operation of the school bus including, but not limited to, cell phones, pagers, audible radios, tape or compact disk without headphones, or any other electronic device that does or could interfere

with the school bus communications equipment or the operation of the school bus by the school bus driver.

**14.02**   Use of Reflective Devices - No student shall use a mirror, laser, flash camera or any other lights or reflective devices on a public school bus in a manner that does or could interfere with the operation of the school bus by the school bus driver.


## OFFENSES INVOLVING SEXUAL MISCONDUCT

**15.01**   Sexual Harassment **(Mandatory Hearing Offense)** - A student commits sexual harassment when he/she engages in unwelcome and/or uninvited sexual conduct that creates an uncomfortable environment for a student.

Sexual harassment may include, but not limited to, unwelcome sexual advances, touching of a sexual nature, graffiti of a sexual picture, displaying or distributing of sexually explicit, drawings, pictures and written materials, sexual gestures, sexual or "dirty" jokes, pressure for sexual favors, touching oneself sexually or talking about one's sexual activity in front of others, spreading rumors about or rating other students as to sexual activity or performance, pinching, hugging, cornering, and kissing or as defined by Title X of the Education Amendment of 1972.

**15.02**   Sexual Battery **(Mandatory Hearing Offense)** - A student commits the offense of sexual battery when he/she intentionally or inappropriately makes physical contact with the intimate parts of the body of another person regardless of the consent of that person. The term "intimate parts" means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female.

**15.03**   Sexual Propositions - No student shall make written, verbal or physical propositions, suggestions or invitations to another student to engage in sexual acts of any nature.

**15.04**   Public Indecency **(Mandatory Hearing Offense)** - A student commits the offense of public indecency when he/she performs any of the following acts:  (i) a lewd exposure of the sexual organs or genital area; a lewd appearance in a state of partial or complete nudity; or any act suggestive of sexual relations.

**15.05**   Sexually Explicit Material – A student shall not possess, handle, exercise control over, transmit, exhibit to other students, sell, attempt to sell, buy or attempt to buy (a) any sexually explicit photographs or other material which shows, depicts or represents any person, whether male or female, in a partial or total state of nudity; or (b) any photographs or other material which is lewd, obscene or sexually suggestive in nature.

**15.06**   Sexual Relations **(Mandatory Hearing Offense)**  - A student shall not engage in any act of oral sex, sexual intercourse, sodomy or any other sexual act with another person regardless of the consent of that person; and no student shall engage in any act of masturbation, or commit any act of physical sexual assault to include rape or child molestation.


**D.**    VIOLATIONS OF STUDENT BEHAVIOR CODE – All violations of the Student Behavior Code shall be processed in accordance with Troup County Board of Education Policies JCDA (1) – Disciplinary Protocol and Procedure; JCEB – Student Hearing Procedure; and any other applicable policies or administrative regulations.

## INDEX TO STUDENT BEHAVIOR CODE

**OFFENSES INVOLVING THE PERSON**

1.01 Simple Assault

1.02 Aggravated Assault (Mandatory Hearing Offense)

1.03 Simple Battery

1.04 Battery (Mandatory Hearing Offense)

1.05 Aggravated Battery (Mandatory Hearing Offense)

1.06 Hazing (Mandatory Hearing Offense)

1.07 Affray

1.08 Bullying

1.09 Cyberbullying

1.10 Verbal/Visual Assault


**OFFENSES INVOLVING THEFT**

2.01 Theft by Taking

2.02 Theft of Lost or Mislaid Property

2.03 Theft by Receiving Stolen Property

2.04 Theft by Extortion (Mandatory Hearing Offense)

**OFFENSES INVOLVING ROBBERY**

3.01 Robbery (Mandatory Hearing Offense)

3.02 Armed Robbery (Mandatory Hearing Offense)

**OFFENSES INVOLVING WEAPONS**

4.01 Weapons, Dangerous, Instruments or Explosive Compounds (Mandatory Hearing Offense)

4.02 Replica of Dangerous Instruments, or Explosive Compounds

**OFFENSES INVOLVING DRUGS, ALCOHOL AND TOBACCO**

5.01 Possession of Drugs or Alcohol (Mandatory Hearing Offense)

5.02 Sale of Drugs or Alcohol (Mandatory Hearing Offense)

5.03 Use of Drugs or Alcohol (Mandatory Hearing Offense)

5.04 Possession or Use of Tobacco Products

5.05 Drug Related Objects (Mandatory Hearing Offense)

**OFFENSES INVOLVING FALSE INFORMATION**

6.01 False Statement

6.02 Perjury

6.03 Forgery

**OFFENSES INVOLVING SCHOOL ORDER**

7.01 Threats and Intimidation

7.02 Riot (Mandatory Hearing Offense)

7.03 Inciting to Riot (Mandatory Hearing Offense)

7.04 Preventing or Disrupting Gatherings

7.05 False Report of a Crime

7.06 False Report of a Fire (Mandatory Hearing Offense)

7.07 False Public Alarm (Mandatory Hearing Offense)

7.08 Refusal to Obey School Officials

7.09 Influencing Witnesses (Mandatory Hearing Offense)

7.10 Participation in Gang Activity (Mandatory Hearing Offense)

7.11 Threat of Physical Violence to School Personnel (Mandatory Hearing Offense)

**OFFENSES INVOLVING DAMAGE TO PROPERTY**

8.01 Damage to School Property

8.02 Damage to Private Property

8.03 Unauthorized Entry

**OFFENSES INVOLVING ATTEMPT, SOLICITATION AND CONSPIRACY**

9.01 Party to an Offense

9.02 Attempt

9.03 Solicitation

9.04 Conspiracy

**OFFENSES INVOLVING ACADEMIC ACHIEVEMENT**

10.01 Academic Achievement

10.02 Completion of Assignments

10.03 Disruptive Conduct

10.04 Cheating

10.05 Unexcused Absences and Tardiness

**OFFENSES INVOLVING COMMUNICATION WITH OTHERS**

11.01 Rude or Disrespectful Behavior

11.02 Use of Profane or Obscene Language

**OFFENSES INVOLVING MISCELLANEOUS MATTERS**

12.01 Inappropriate Display of Affection

12.02 Criminal Conduct

12.03 Electronic Devices

12.04 Gambling

12.05 Other Conduct

12.06 Other Policies

12.07 Disruption of Educational Climate

12.08 Outside Conduct

12.09 Chronic Misbehavior

12.10 Reckless Conduct

12.11 Violation of Probation

**OFFENSES INVOLVING SCHOOL TEACHERS, ADMINISTRATORS, OTHER SCHOOL PERSONNEL AND BUS DRIVERS**

13.01 Physical Violence of an Insulting or Provoking Nature to School Personnel (Mandatory Hearing Offense)

13.02 Physical Violence Causing Physical Harm to School Personnel (Mandatory Hearing Offense)

**OFFENSES INVOLVING BUS CONDUCT**

14.01 Electronic Devices

14.02 Use of Reflective Devices

**OFFENSES INVOLVING SEXUAL MISCONDUCT**

15.01 Sexual Harassment (Mandatory Hearing Offense)

15.02 Sexual Battery (Mandatory Hearing Offense)

15.03 Sexual Propositions

15.04 Public Indecency (Mandatory Hearing Offense)

15.05 Sexually Explicit Material

15.06 Sexual Relations (Mandatory Hearing Offense)

---



**STUDENT SERVICES CENTER**

*100 North Davis Road, Building C • LaGrange, Georgia 30241*

Troup County School System

Your Future Starts Today

*Jacqueline Jones, EdD, Director of Student Services/Special Programs*
*Office: 706-812-7900 • Fax: 706-883-1530*
*e-mail: jonesje@troup.org   www.troup.org*

DECISION OF DISCIPLINARY HEARING TRIBUNAL

<u>Tuesday, December 18, 2018, 10:00 a.m.</u>

Re: ▮▮▮▮▮▮▮▮▮▮          LaGrange High School(R)

▮▮▮▮▮▮▮▮▮▮          DOB: ▮▮▮▮▮▮▮▮▮▮▮
Telephone # ▮▮▮▮▮          Case # 016-46636-1

The matter of ▮▮▮▮▮▮▮▮ having been brought before the undersigned Disciplinary Hearing Tribunal of the Troup County Board of Education, LaGrange, Georgia, pursuant to charges made by Mr. Alton White, Principal, LaGrange High School, in his letter dated December 12, 2018 addressed to the student and his parent/guardian, Sara Ford, a copy of the letter having been delivered to the student and his parent/guardian.

It appearing that ▮▮▮▮▮▮▮▮, age 16-years old and a 10th grade student at LaGrange High School, was charged by Mr. Alton White with violating Troup County Board of Education Policy JCDA STUDENT BEHAVIOR CODE AND DISCIPLINARY PROTOCOL Regulation JCDA, **7.10 (1 count).**

It further appearing that ▮▮▮▮▮▮▮▮▮ and his parent/guardian, Sara Ford, were personally notified of the nature of the charges, the names of the witnesses and a summary of the evidence together with the time, date, and place of the hearing scheduled for Tuesday, December 18, 2018 at 10:00 a.m. in the Hearing Room of the Troup County Schools' Student Services Center, 200 Mooty Bridge Road; LaGrange, GA 30240, which letter notified them of their right to be represented by counsel, their right to have compulsory process, and which delivered to them a copy of the Troup County Board of Education policy governing the procedure for the hearing.

It further appearing to the Hearing Tribunal that at the time, date, and place for the hearing that ▮▮▮▮▮▮▮ and his parent/guardian, Deshae Ford, were present and did participate. The following were sworn as witnesses and presented evidence for the Board of Education to wit: Jeff Little, Assistant Principal at LaGrange High School, Jarrod Anderson, Investigator with the Gang Force of the LaGrange Police Department, and Lane Hamer, School Resource Officer at LaGrange High School.

EXHIBIT

**2**

*"It's About Learning."*

████████████
December 18, 2018
Page 2

Let the record show that ████████████ plead not guilty to **7.10 (Participation in Gang Activity).**

Therefore, after having considered the evidence presented at the hearing, the Disciplinary Hearing Tribunal does hereby find and conclude:

1. ████████████, a 16-year old 10th grade student at LaGrange High School, did commit the offense of **Participation in Gang Activity,** on or about Friday, December 7, 2018 at approximately 11:49 a.m. when he was observed by Officer Hamer, the School Resource Officer, posing for a number of pictures. He appeared to be making hand gestures consistent with those representing a gang. Video was reviewed by administrator and confirmed he was making several hand signs. The video was analyzed by LaGrange Police Department Gang Task Force and confirmed these hand gestures as gang related. The pictures were acquired from the photographer and will be presented as evidence. Police report mentioned your Facebook account, and administrators found additional pictures that appear to be consistent with gang representation which are further submitted as evidence.

According to Troup County Board of Education Policy, JCDA Student Behavior Code and Disciplinary Protocol, JCDA **7.10 (1 count),** ████████████ was in violation of the policies which prohibit:

**7.10   Participation in Gang Activity (Mandatory Hearing Offense)**
No student shall actively participate in any gang with knowledge that its members engage in or have engaged in a pattern of gang activity and who willfully promotes, furthers, or assists in any criminal conduct or violation of school rules.

The undersigned Disciplinary Hearing Tribunal members are duly appointed by the school system generally for the purpose of conducting disciplinary hearings. ████████████ is therefore subject to and may be disciplined by the Disciplinary Hearing Tribunal in accordance with the law and pursuant to their designation as Hearing Tribunal members.

The Disciplinary Tribunal does hereby determine and decide that based on the sworn testimony, and evidence presented in the matter at the hearing held on Tuesday, December 18, 2018, ████ ████████████, a student of LaGrange High School, did while a student of the Troup County School System violate policies specified above and as a result thereof:



December 18, 2018
Page 3

████████████ be and he is hereby disciplined as follows:

1. ████████████ is assigned to The HOPE Academy for the remainder of the
   2018-2019 school year. ████████████ and his parent/guardian must
   contact the Principal of The HOPE Academy at 706-812-7988 on or before
   Wednesday, December 19, 2018 to schedule a pre-entry conference.

2. While assigned to The HOPE Academy, ████████████ may not attend or
   participate in any curricular or extra-curricular activities sponsored by LaGrange
   High School or the Troup County School System.

3. ████████████ will be eligible to return to his zoned school upon his completion of
   his assignment to The HOPE Academy and with a favorable recommendation from the
   principal and faculty of The HOPE Academy.

cc: ████████████, student
    Sara Ford, parent/guardian
    Alton White, Principal, LaGrange High School
    Jeff Little, Assistant Principal, LaGrange High School
    Gail Rowe, Records Clerk, LaGrange High School
    Jason Yohn, Principal, The HOPE Academy
    Lana Clary, Records Clerk, The HOPE Academy
    Jacqueline Jones, Director of Student Services

(In accordance with the Troup County Board of Education Policies "any decision by such a
Disciplinary Hearing Tribunal may be appealed to the Board of Education by filing a
written notice of appeal within twenty (20) calendar days from the date the decision is
rendered." The Board of Education's Office is located at 100 North Davis Road,
LaGrange, Georgia 30240. Telephone inquiries should be forwarded to (706) 812-7900).



Troup County School System
Your Future Starts Today

# STUDENT SERVICES CENTER

*100 North Davis Road, Building C • LaGrange, Georgia 30241*

*Jacqueline Jones, EdD, Director of Student Services/Special Programs*
*Office: 706-812-7900 • Fax: 706-883-1530*
*e-mail: jonesje@troup.org    www.troup.org*

STUDENT: ▮▮▮▮▮▮▮▮▮

SCHOOL:   LaGrange High School

DATE:     Tuesday, December 18, 2018

TIME:     10:00 a.m.

THIS  18th                DAY OF   December  2018


Margarette Julian
CHAIRPERSON


Lucy Hunt
PANEL MEMBER


Yvonne Parker
PANEL MEMBER

**Policy JCEB: Student Hearing Procedure**                          **Troup County Schools**

Original Adopted Date: 11/18/2010 | Last Revised Date: 07/17/2014                    Status: ADOPTED

---

**Scope of Hearings:** The Board of Education is authorized by O.C.G.A. §20-2-752 to establish disciplinary hearing officers, panels, or tribunals of school officials to impose suspension of longer than ten (10) school days or expulsion or assignment to an alternative education program.

For the purpose of conducting certain student discipline hearings, as defined below, rendering a decision and imposing punishment, the Board of Education hereby adopts the following procedures:

1. **Disciplinary Hearing:** A disciplinary hearing shall be convened and conducted in the following cases:

    a. When a student has committed an alleged assault or battery upon a teacher, other school official or employee, if such teacher or other school official or employee so requests;

    b. When a student has violated any school or system rule or engaged in any other act of misconduct or insubordination for which the student's principal recommends a suspension longer than ten school days or expulsion.

    c. When a student has committed a mandatory hearing offense under the Student Behavior Code.

2. **Appointment of Hearing Officer or Tribunal:** All disciplinary hearings shall be conducted and heard by a sole hearing officer appointed by the Board of Education. The Board of Education shall appoint more than one hearing officer to serve in such capacity.  The hearing officer shall be a current or former educator employed by the Board of Education.

    A student, the student's parent or guardian, or the school principal may request that the hearing be conducted by a disciplinary tribunal.  In such case, the tribunal shall consist of three current or former educators employed by the Board of Education to serve on any tribunal.   No member of the hearing tribunal shall be a member of the staff at the school which the student attends or a member of the general public.

3.

    A. **Notice of Hearing:** Whenever a principal or his or her designee refers a student discipline matter for a disciplinary hearing the principal or his or her designee shall send a letter by regular mail to the student and his or her parents or guardians containing a statement of the time, place and nature of the hearing, a short and plain statement of the matters asserted and charges against the student, a list of potential witnesses, a statement setting forth the right of the student to present evidence, cross-examine witnesses and be represented by legal counsel.  The hearing must be held no later than ten school days after the beginning of the pre-hearing placement or following the referral for a disciplinary hearing if the student is not placed in pre-hearing placement.



B. **Pre-Hearing Placement:** A student charged and referred for a disciplinary hearing may be placed in pre-hearing placement pending the hearing, which pre-hearing placement shall consist as follows:

a. Out-of-school suspension for not longer than ten school days during which time the disciplinary hearing shall be held unless the school system and the parent or guardian mutually agree to an extension of the out-of-school suspension

b. In-school suspension for not longer than ten days during which time the disciplinary hearing shall be held; provided, however, the time for a hearing for a student who is placed in-school suspension pending the hearing may be extended upon the mutual agreement of the school system and the parent or guardian, or upon the existence of good cause only for hearing schedule delays or backlogs, state mandated testing, or other exigent educationally related reasons.

c. Any such pre-hearing placement shall not be deemed to be or considered as punishment but a placement pending the hearing separating the student from the general school population for severity of the offense, safety, or security reasons.

4.    **Presentation of Evidence:** The school principal or his or her designee shall be responsible for presenting evidence in support of the charges against the student and all parties shall be afforded an opportunity to present and respond to evidence and to examine and cross-examine witnesses on any and all issues. Any teacher who is called as a witness by the school system shall be given notice no later than three days prior to the hearing. The hearing tribunal shall have made a verbatim electronic or written record of the hearing. This record shall be available to all parties but the cost of transcribing such record shall be borne by the party requesting the transcript.

5.    **Decision of the Hearing Officer or Tribunal:** The hearing officer or tribunal shall render a decision finding whether the student committed the offense and, if so, the appropriate punishment. The decision of the hearing tribunal shall be based solely on the evidence received at the hearing, including any evidence presented by either party relevant to the appropriate punishment to be imposed. The hearing officer or tribunal shall render its decision in writing within ten days of the close of the record and shall furnish a copy of the decision to the student, his or her parents or legal guardians, the principal or his or her designee and the Superintendent. The decision of the hearing tribunal shall be final and shall constitute the decision of the Board of Education unless either party should appeal the decision to the Board of Education. The school representative shall make a recommendation for punishment.

In cases involving physical violence against school employees under O.C.G.A. 20-2-751.6, the disciplinary officer, panel, or tribunal shall determine what, if any, disciplinary action shall be taken, for offenses other than acts of physical violence against a teacher, school bus driver, school official or other school employee, and shall render its decision in writing. In such cases in alleging violence against school personnel, the hearing officer or tribunal is authorized to determine all issues of fact and intent and submit its findings and recommendations to the Board of Education for imposition of punishment. The written decision of the officer, panel or tribunal shall be given to all parties within ten (10) days of the close of the record. The Board of Education shall set the punishment based on the recommendation of the hearing officer or tribunal.

6.    **Waiver of Disciplinary Hearing:** In the event a student or his/her parent does not wish to contest the charge(s) of violation(s) of the discipline rules of the school's code of conduct for which a hearing has been convened, the student and parent

may voluntarily accept the consequences prescribed by the school by signing a Waiver of Disciplinary Hearing form.  Such waiver shall specify the rule violation, the date and description of the incident, the prescribed consequences, and an agreement to waive the opportunity to participate in a tribunal hearing, present evidence, cross examine witnesses, and be represented by an attorney.  The decision to waive the hearing shall be final and cannot be appealed by the school or family.  The waiver must be signed by the student, a parent, a school administrator and the Superintendent to approve or reject the disciplinary consequences set forth in the waiver.  If the consequences are rejected by the Superintendent, the disciplinary hearing shall proceed.

7.   **Appeal:** Any decision by such disciplinary officer, panel, or tribunal may be appealed to the local Board of Education by filing a written notice of appeal within twenty (20) days from the date the decision is rendered.  Any disciplinary action imposed by such officer, panel, or tribunal may be stayed by the Superintendent of Schools pending the outcome of the appeal.  In the case of a student charged with an act of physical violence against school personnel, the tribunal's recommendation as to the punishment shall be automatically referred to the Board of Education in accordance with Section 5 above.

8.   **Review by the Board of Education:** Upon appeal, the Board of Education shall review the record of the hearing before the hearing tribunal, the decision of the hearing tribunal and the notice of appeal and shall render its decision in writing within ten (10) days, excluding weekends and legal holidays, from the date it receives the notice of appeal.  The decision of the Board of Education shall be based solely on the record before the hearing tribunal and the Board shall not consider any other evidence in ruling on the appeal.  The Board may find the facts to be different than those found by the hearing tribunal and the Board may change the punishment, in accordance with state law.  The Board may take any action it determines to be appropriate, and all parties shall have the right to be represented by legal counsel at any such appeal during all subsequent proceedings.

9.   **Appeal from Decision of Board of Education:** Any party aggrieved by a decision of the Board of Education rendered on a contested issue after a hearing as set forth herein, shall have the right to appeal there from to the State Board of Education. Any decision of the local Board may be appealed to the State Board of Education by filing an appeal, in writing, within thirty (30) days after the local Board renders its decision.  The provisions of subsections (b) through (f) of O.C.G.A. 20-2-1160 shall apply to all appeals to the State Board of Education.

10.   **Applicability of Public Inspection and Open Meeting Laws:** All disciplinary hearings referred to herein shall be closed to the public.  The Board of Education may prepare a written summary of any proceeding under these rules, which summary shall include a description of the incident and the disposition thereof but shall not contain the names of any party to the incident.  This summary shall be a public record.

11.   **Student Withdrawal:** Any student subject to a disciplinary hearing who withdraws from the school system prior to the hearing must appear before a Disciplinary Hearing to determine the student's eligibility to return to the school system in the event the student ever seeks to return to the system.  Alternatively, the school district may, in its discretion, proceed with the tribunal in accordance with Board policy despite the student's withdrawal from school.



**STUDENT SERVICES CENTER**

*100 North Davis Road, Building C ● LaGrange, Georgia 30241*

*Jacqueline Jones, EdD, Director of Student Services/Special Programs*
*Office: 706-812-7900 ● Fax: 706-883-1530*
*e-mail: jonesje@troup.org   www.troup.org*

Troup County School System

Your Future Starts Today

DECISION OF DISCIPLINARY HEARING TRIBUNAL

<u>Wednesday, September 4, 2019, 10:00 a.m.</u>

Re: ██████████                    LaGrange High School(R)

   ██████████                     DOB: ██████████████
   
   Telephone # ████████          Case # 003-46636-2

The matter of ███████████ having been brought before the undersigned Disciplinary Hearing Tribunal of the Troup County Board of Education, LaGrange, Georgia, pursuant to charges made by Mr. Alton White, Principal, LaGrange High School, in his letter dated August 21, 2019, as amended, addressed to the student and his parent/guardian, Sara Ford, a copy of the letter having been delivered to the student and his parent/guardian.

It appearing that ████████████, age 17-years old and an 11th grade student at LaGrange High School, was charged by Mr. Alton White with violating Troup County Board of Education Policy JCDA STUDENT BEHAVIOR CODE AND DISCIPLINARY PROTOCOL Regulation JCDA, **7.10 and 12.08 (1 count each)**.

It further appearing that █████████████ and his parent/guardian, Sara Ford, were personally notified of the nature of the charges, the names of the witnesses and a summary of the evidence together with the time, date, and place of the hearing scheduled for Wednesday, September 4, 2019 at 10:00 a.m. in the Hearing Room of the Troup County Schools Administrative Services Center, 100 North Davis Road, Building C, LaGrange, GA 30241, which letter notified them of their right to be represented by counsel, their right to have compulsory process, and which delivered to them a copy of the Troup County Board of Education policy governing the procedure for the hearing.

It further appearing to the Hearing Tribunal that at the time, date, and place for the hearing that ███████████ ████ and his mother, Deshae Ford, were present for the hearing. ██████████████ plead not guilty to **7.10 (Participation in Gang Activity)** and **12.08 (Outside Conduct)**. The Student was represented by Homero Leon of the Georgia Legal Services Program.

The following were sworn as witnesses and presented evidence for the Board of Education to wit: Alton White, Principal, LaGrange High School; Jamie Bozeman, Assistant Principal, LaGrange High School; Lane Hamer, School Resource Officer; and Jarrod Anderson, Detective, LaGrange Police Department.

Deshae Ford was sworn in and testified for ████████████. The student, ████████████, did not testify.



EXHIBIT
4

*"It's About Learning."*

███████████

September 4, 2019
Page 2

Therefore, after having considered the evidence presented at the hearing, the Disciplinary
Hearing Tribunal does hereby find and conclude:

1.   ████████████████, a 17-year old 11th grade student at LaGrange High School, did
     commit the offense of **Participation in Gang Activity,** in a video published to YouTube
     on or about Saturday, July 13, 2019. In this video, he was seen doing handshakes and
     signs that appear to be gang related. During the week of July 15th, LaGrange High School
     Administration contacted a member of the Special Investigations Unit of the LaGrange
     Police Department who identified them as gang handshakes and signs. On Wednesday,
     August 14, 2019, and Friday, August 16, 2019, LaGrange High School administrators
     met with a representative of the Special Investigation Unit of the LaGrange Police
     Department (LPD) who again identified the specific signs as gang related.

2.   ████████████████, a 16-year old 10th grade student at LaGrange High School, did
     commit the offense of **Other Conduct,** in a video published to YouTube on or about
     Saturday, July 13, 2019. The video depicted him using several signs and handshakes that
     were identified by a representative of the Special Investigation Unit of the LaGrange
     Police Department as gang related, and also in possession of a handgun that was
     identified by a member of the Special Investigation Unit of the LaGrange Police
     Department as having the appearance of a real handgun. LaGrange High School
     administrators met with a representative of the Special Investigation Unit of the
     LaGrange Police Department on Wednesday, August 14, 2019, and Friday, August 16,
     2019, who identified the gang signs and could not state the handgun was definitively a
     replica based on physical characteristics.

According to Troup County Board of Education Policy, JCDA Student Behavior Code and
Disciplinary Protocol, JCDA 7.10 and 12.08 (1 count each), ████████████ was in
violation of the policies which prohibit:

**7.10   Participation in Gang Activity (Mandatory Hearing Offense)**
No student shall actively participate in any gang with knowledge that its members engage in or
have engaged in a pattern of gang activity and who willfully promotes, furthers, or assists in any
criminal conduct or violation of school rules.

**12.08   Outside Conduct**
A student who commits any act or exhibits conduct outside of school hours or away from school,
which may adversely affect the educational process or endanger the health, property, safety,
morals, or well-being of other students, teachers, or employees within the school system may be
disciplined hereunder.

The undersigned Disciplinary Hearing Tribunal members are duly appointed by the school
system generally for the purpose of conducting disciplinary hearings.  Mr. Greg Ellington, an
attorney, served as the hearing officer.

████████████
September 4, 2019
Page 3

████████████ is therefore subject to and may be disciplined by the Disciplinary Hearing Tribunal in accordance with the law and pursuant to their designation as Hearing Tribunal members.

The Disciplinary Tribunal does hereby determine and decide that based on the sworn testimony, and evidence presented in the matter at the hearing held on Wednesday, September 4, 2019, ████████████, a student of LaGrange High School, did while a student of the Troup County School System violate policies specified above and as a result thereof:

████████████ be and he is hereby disciplined as follows:

1. ████████████ is expelled from LaGrange High School and the Troup County School System for the remainder of the 1ˢᵗ semester of the 2019-2020 school year.

2. While expelled, ████████████ may not attend or participate in any curricular or extra-curricular activities sponsored by LaGrange High School or the Troup County School System.

3. ████████████ is assigned to The HOPE Academy for the 2ⁿᵈ semester of the 2019-2020 school year. ████████████ and his parent/guardian must contact the Principal of The HOPE Academy at 706-812-7988 on or before Monday, December 17, 2019 to schedule a pre-entry conference.

4. While assigned to The HOPE Academy, ████████████ may not attend or participate in any curricular or extra-curricular activities sponsored by LaGrange High School or the Troup County School System.

5. ████████████ will be eligible to return to his zoned school upon completion of his assignment to The HOPE Academy, and with a favorable recommendation from the principal and staff of The HOPE Academy.

cc:     ████████████, student
        Deshae Ford, Parents/Guardian
        Alton White, Principal, LaGrange High School
        Jamie Bozeman, Assistant Principal, LaGrange High School
        Gail Rowe, Records Clerk, LaGrange High School
        Jason Yohn, Principal, The HOPE Academy
        Lana Clary, Records Clerk, The HOPE Academy
        Jacqueline Jones, Director of Student Services

(In accordance with the Troup County Board of Education Policies "any decision by such a Disciplinary Hearing Tribunal may be appealed to the Board of Education by filing a written notice of appeal within twenty (20) calendar days from the date the decision is rendered." The Board of Education's Office is located at 100 North Davis Road, LaGrange, Georgia 30240.  Telephone inquiries should be forwarded to (706) 812-7900).



Troup County School System
Your Future Starts Today

# STUDENT SERVICES CENTER

*100 North Davis Road, Building C • LaGrange, Georgia 30241*

*Jacqueline Jones, EdD, Director of Student Services/Special Programs*
*Office: 706-812-7900 • Fax: 706-883-1530*
*e-mail: jonesje@troup.org   www.troup.org*

STUDENT: ███████████

SCHOOL:  LaGrange High School

DATE:  Wednesday, September 4, 2019

TIME:  10:00 a.m.

THIS   4th   DAY OF  September   2019

_Greg Ellington_
Greg Ellington
CHAIRPERSON

_June L. Nelson_
June Nelson
PANEL MEMBER

_Lucy Hunt_
Lucy Hunt
PANEL MEMBER

_Majorie Beetles_
Majorie Beetles
PANEL MEMBER