# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| E.F., a minor, by and through, LAQUARBASHAUN FORD, his mother,<br><br>    Plaintiff,<br><br>v.<br><br>TROUP COUNTY SCHOOL SYSTEM, DAVID SHUMATE, in his individual and official capacity, and ALTON WHITE, in his individual and official capacity,<br><br>    Defendants. | CIVIL ACTION FILE NO. 3:19-cv-141-TCB |

## DECLARATION OF DR. BRIAN SHUMATE

STATE OF GEORGIA
COUNTY OF TROUP

COMES NOW, **DR. BRIAN SHUMATE**, and in accordance with 28 U.S.C. § 1746, hereby declares as follows:

1.

My name is Dr. Brian Shumate. I am over the age of twenty-one (21). I am competent to make this Declaration and have personal knowledge of the information set forth herein. I understand that this Declaration is for use in connection with the above-captioned civil action, and I give it freely for that purpose.

2.

I am employed as the superintendent of the Troup County School District. I have held this position since July 1, 2019. My employment duties include supervision and oversight of the School District's administration, faculty, students, and school records.

3.

On September 4, 2019, a disciplinary hearing tribunal, which having considered the evidence presented to it at a hearing where E.F. was represented by counsel, found that E.F. committed offenses in violation of certain Troup County Board of Education policies.

4.

By correspondence dated September 9, 2019, E.F., through counsel, appealed the decision of the tribunal to the Troup County Board of Education. A true and correct copy of E.F.'s Notice of Appeal, which is kept and maintained in the ordinary course of business by the Troup County School District, is attached hereto as Exhibit 1. E.F., through counsel, submitted a brief in support of his appeal. A true and correct copy of E.F.'s Brief in Support of Appeal, which is kept and maintained in the ordinary course of business by the Troup County School District, is attached hereto as Exhibit 2.

5.

During a special meeting held on September 23, 2019, the Troup County Board of Education affirmed the tribunal's decision. A true and correct copy of my

letter regarding the Board of Education's decision and the Board of Education's decision, which are kept and maintained in the ordinary course of business by the Troup County School District, is attached hereto as Exhibit 3.

6.

By correspondence dated October 1, 2019, E.F., through counsel, appealed the decision of the Troup County Board of Education to the State Board of Education. A true and correct copy of E.F.'s Notice of Appeal to the State Board, which is kept and maintained in the ordinary course of business by the Troup County School District, is attached hereto as Exhibit 4.

7.

E.F.'s appeal to the State Board of Education remains pending as of the date of this Declaration. Pursuant to O.C.G.A. § 20-2-1160(b), the State Board of Education may affirm, reverse, or remand the local board decision or may refer the matter to mediation. Pursuant to O.C.G.A. § 20-2-1160(c), parties have the right to appeal the decision of the State Board of Education to the superior court wherein the local board of education is located.

I have read this Declaration comprised of seven (7) separately numbered paragraphs, and I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of October, 2019.

DR. BRIAN SHUMATE

[3]

KAREN HENIZE GEIGER
MANAGING ATTORNEY

SHIRLEY F. ANDERSON
REGIONAL OPERATIONS
MANAGER

EUGENE CHOI
JESSICA STUART
LAUREN CARTWRIGHT
WHITNEY KNOX LEE
SUPERVISING ATTORNEYS

MEGAN PULSTS
TASHIA ZEIGLER
JAKIRA DAVIS
ELIZABETH MAIN
STAFF ATTORNEYS

SARAH E. MOORE
SENIOR PARALEGAL
ELISE BROWN
VICTIMS OF CRIME NAVIGATOR

# GEORGIA LEGAL SERVICES PROGRAM®
## PIEDMONT REGIONAL OFFICE
104 MARIETTA STREET, N.W. SUITE 240
ATLANTA, GEORGIA 30303-2743
(404) 894-7707 FAX (404) 463-1584
(404) 563-7715 (auto attendant)
1-800- 822-5391 (for clients only)
TDD 1-800-255-0056

RICHARD M. RUFOLO
Not admitted in Georgia
EXECUTIVE DIRECTOR
IRA FOSTER
DEPUTY DIRECTOR-GENERAL
COUNSEL

BOARD OF DIRECTORS
TERRICA R. GANZY, ESQ.
PRESIDENT
SETH BRUCKNER
VICE PRESIDENT
PATRICK DAVENPORT, ESQ.
VICE PRESIDENT
M. FAYE MCCORD
TREASURER
TENNELL LOCKETT, ESQ.
SECRETARY
WILLIAM H. "BERT" GREGORY, II
AT LARGE
NETTIE WILLIAMS
AT LARGE

September 9, 2019

Dr. Brian Shumate, Superintendent
Troup County School District
100 North Davis Road
LaGrange, GA 30241

*Via email and certified mail*

Re:  ███████, LaGrange High School
      Notice of Appeal

Dear Dr. Shumate,

My office represents E.F. I am writing on his behalf to request an appeal of the decision issued by the Disciplinary Hearing Officer on September 4, 2019, finding E.F. guilty of violating Sections 7.10 and 12.08 of the Student Behavior Code, expelling him through the first semester of the 2019-2020 school year, and requiring him to attend Hope Academy for the remainder of the 2019-2020 school year. E.F. appeals this decision on the grounds that it is unsupported by evidence, contrary to law, in violation of his First Amendment and due process rights, and arbitrary and capricious.

Additionally, I request the following:

- An expedited copy of the complete record, including a copy of the audio recording and transcript of the hearing, to be provided to my office via email to kbuchanan@glsp.org as soon as possible,

- The opportunity to submit a written statement supporting the appeal and detailing why the decision is in error, and

**EXHIBIT**
**1**



LEGAL SERVICES CORPORATION

The Georgia Legal Services Program is a nonprofit corporation whose mission is
to provide civil legal services for persons with low incomes, creating equal access
to justice and opportunities out of poverty.

Serves: Bartow, Carroll, Coweta, Douglas, Fayette, Floyd, Gordon, Harrison, Heard, Henry, Newton,
Paulding, Polk, Rockdale and Spalding
AN AFFIRMATIVE ACTION/EQUAL OPPORTUNITY EMPLOYER M/F/H/V

Dr. Brian Shumate
September 9, 2019
Page 2 of 2

- That E.F. be permitted to immediately return to LaGrange High School and complete his regular school work pending the appeal, pursuant to O.C.G.A. § 20-2-754(c).

I can be contacted at (404) 563-7715 extension 1632 or by email at kbuchanan@glsp.org.

Sincerely,

Kamala N. Buchanan
Law Assistant

Eugene Choi / (K.B.)
Eugene Choi
Attorney at Law
GA Bar No. 121626

cc: John Taylor

KAREN HENIZE GEIGER
MANAGING ATTORNEY

SHIRLEY F. ANDERSON
REGIONAL OPERATIONS
MANAGER

EUGENE CHOI
JESSICA STUART
LAUREN CARTWRIGHT
WHITNEY KNOX LEE
SUPERVISING ATTORNEYS

MEGAN PULSTS
TASHIA ZEIGLER
JAKIRA DAVIS
ELIZABETH MAIN
STAFF ATTORNEYS

SARAH E. MOORE
SENIOR PARALEGAL
ELISE BROWN
VICTIMS OF CRIME NAVIGATOR

# GEORGIA LEGAL SERVICES PROGRAM®
## PIEDMONT REGIONAL OFFICE
104 MARIETTA STREET, N.W. SUITE 240
ATLANTA, GEORGIA 30303-2743
(404) 894-7707  FAX (404) 463-1584
(404) 563-7715 (auto attendant)
1-800-822-5391 (for clients only)
TDD 1-800-255-0056

RICHARD M. RUFOLO
Not admitted in Georgia
EXECUTIVE DIRECTOR
IRA FOSTER
DEPUTY DIRECTOR/GENERAL
COUNSEL

BOARD OF DIRECTORS
TERRICA R. GANZY, ESQ.
PRESIDENT
SETH BRUCKNER
VICE PRESIDENT
PATRICK DAVENPORT, ESQ.
VICE PRESIDENT
M. FAYE McCORD.
TREASURER
TENNELL LOCKETT, ESQ.
SECRETARY
WILLIAM H. "BERT" GREGORY, II
AT LARGE
NETTIE WILLIAMS
AT LARGE

September 23, 2019

Dr. Brian Shumate, Superintendent
Troup County School District
100 North Davis Road
LaGrange, GA 30241

*Via email and certified mail*

Re:   ▮▮▮▮▮▮, LaGrange High School
      **Brief in Support of Appeal**

Dear Dr. Shumate,

    E.F. respectfully submits this brief in support of his appeal of the arbitrary and capricious disciplinary decision issued by the disciplinary tribunal ("the Tribunal") on September 4, 2019. The decision must be reversed because it is unsupported by evidence and contrary to law, and because the decision violates E.F.'s First Amendment free speech rights.

I.      **Statement of the Case**

    E.F. is a seventeen-year-old African American high school senior at LaGrange High School ("LHS"). E.F. is an aspiring hip-hop artist who has been actively pursuing a rap career since 2016. He has released multiple music videos online in the past three years.

    On the weekend of July 13-14, 2019, LHS Assistant Principal James Bozeman observed one of E.F.'s music videos, titled "Consequences 2," via a YouTube link posted on his Facebook feed. In the three-minute video, E.F. and another individual rapped while approximately ten other young men danced around them. The video displayed all

**LSC** America's Partner
for Equal Justice
LEGAL SERVICES CORPORATION

The Georgia Legal Services Program is a nonprofit corporation whose mission is to provide civil legal services for persons with low incomes, creating equal access to justice and opportunities out of poverty.

Serves: Bartow, Carroll, Coweta, Douglas, Fayette, Floyd, Gordon, Haralson, Heard, Henry, Newton, Paulding, Polk, Rockdale and Spalding
AN AFFIRMATIVE ACTION/EQUAL OPPORTUNITY EMPLOYER M/F/H/V



EXHIBIT
2

Dr. Brian Shumate
September 23, 2019
Page 2 of 7

the men making hand gestures while dancing. E.F. and multiple other members of the video also carried what appeared to be a handgun. The video was shot off-campus and during the summer months.

On July 15, 2019, Assistant Principal Bozeman showed the video to LHS Principal Alton White, who immediately contacted School Resource Officer (SRO) Lane Hamer. Together, Assistant Principal Bozeman, Principal White, SRO Hamer, and Assistant Principal Jeff Little met to review "Consequences 2," take screenshots, and identify LHS students in the video, including E.F. No one present at that meeting had any expertise in weapons or identifying gang signs.

SRO Hamer forwarded the video to LaGrange Police Investigator Jarrod Anderson in the Special Investigations Unit ("SIU"), who had experience investigating criminal gang activity in LaGrange. After viewing the video, Investigator Anderson concluded that E.F. made hand gestures in the video that were "consistent with the Bloods," a criminal street gang.

The only evidence informed by firsthand knowledge about the gun in the video indicated it was a toy prop. Nevertheless, Principal White charged E.F. with violations of the Student Behavior Code and Disciplinary Protocol Regulations JCDA 7.10 ("Participation in Gang Activity") and 12.08 ("Outside Conduct"). E.F. was suspended from school pending the Tribunal.

A Tribunal was held on September 4, 2019. Based on this evidence, the Tribunal found E.F. guilty of violating Student Behavior Code sections 7.10 ("Gang Activity") and 12.08 ("Outside Conduct"). E.F. was expelled for the remainder of the 2019-2020 school year, with the option of attending alternative school at HOPE Academy in the second semester of his expulsion. E.F. was prohibited from participating in any extracurricular activities facilitated by the Troup County School System ("TCSS") during his expulsion.

## II.    Argument

### a.  Standard of Review

The local school board carries the burden of proving that a student violated its rules and regulations. *Scott v. DeKalb Cnty. Bd. of Educ.*, Case No. 1988-26 (Ga SBE, Sept. 1988). Appellate review is limited to the record. O.C.G.A. § 20-2-1160(e). A school discipline decision that is *either* unsupported by any evidence *or* contrary to law is arbitrary and capricious, and must be reversed. *Clinch Cnty. Bd. of Educ. v. Hinson*, 247 Ga. App. 33, 36 (2000).

### b.  TCSS's "outside conduct" policy is contrary to state law.

O.C.G.A. § 20-2-751.5(c) provides that "each student code of conduct shall ... contain provisions that address any off-campus behavior of a student which could result in the student being criminally charged with a felony *and* which makes the student's continued presence at school a potential danger to persons or property at the school or which disrupts the educational process" (emphasis added). The State Board has consistently required that school districts show both of these elements. *See, e.g., N.M. v.*

Dr. Brian Shumate
September 23, 2019
Page 3 of 7

*Polk Cnty. Bd. of Educ.*, Case No. 2019-15 (Ga. SBE, Feb. 2019) ("the local board must prove both the felonious off-campus conduct and the legally required nexus"); *C.O. v. Henry Cnty. Bd. of Educ.*, Case No. 2018-15 (Ga. SBE, March 2018) (invalidating local board code of conduct that did not include the nexus provision); *S.B. v. Henry Cnty Bd. of Educ.*, Case No. 2018-12 (Ga. SBE, Feb. 2018) (same).

The TCSS Student Behavior Code provides that "[a] student who commits any act or exhibits conduct outside of school hours or away from school which may adversely affect the educational process or endanger the health, property, safety, morals, or well-being of other students, teachers, or employees within the school system may be disciplined hereunder." This provision is contrary to law because it does not require that the student's outside conduct be punishable as a felony, as O.C.G.A. § 20-2-751.5(c) demands. Its application to E.F. constitutes an abuse of discretion by the Tribunal, and warrants reversal. *C.O. v. Henry Cnty. Bd. of Educ.*, Case No. 2018-15 (Ga. SBE, March 2018).

### c. The school failed to meet its burden to demonstrate that E.F. was guilty of "outside conduct" punishable as a felony that posed a danger or disruption to the educational process.

Under O.C.G.A. § 20-2-751.5(c), a student may properly be disciplined for off-campus behavior that is punishable as a felony, *and* which makes the student's presence at school a "danger to persons or property at the school or which disrupts the educational process." LHS failed to make out either of these prongs.

First, the school did not present any admissible evidence that E.F.'s off-campus behavior could result in him being criminally charged with a felony. Indeed, the District Attorney referred the case declined to press charges against E.F., felony or otherwise. The school introduced numerous screenshots of E.F.'s music video to establish merely that E.F. appeared in the video holding "what appeared to be a handgun or prop-style gun." The school's witnesses denied that the video depicted E.F. engaging in any drug transactions, possessing a real weapon, or committing any acts of violence. None of the school's witnesses would opine on whether E.F. wielded a real or a prop gun in the music video, but all conceded that possession of a prop gun for artistic purposes was not a felony.

Further, even assuming the school could establish that E.F.'s conduct in his music video were punishable as a felony, the record does not support a finding that E.F.'s conduct constituted a danger or disruption to the LHS environment. The State Board has held that "pure speculation alone cannot support" disciplinary consequences for off-campus conduct. *Tyrone B. v. Houston Cnty. Bd. of Educ.*, Case No. 1994-6 (Ga. SBE, April 1994). Nor can the school rely solely on "the judgment of the principal that the student's presence in the school would be disruptive, which was presented without any proof." *B.E. v. Bartow Cnty. Bd. of Educ.*, Case No. 2014-29 (Ga. SBE, March 2014); *accord William J.E. v. Griffin-Spalding Bd. of Educ.*, Case No. 1996-7 (Ga. SBE, May 1996) (reversing expulsion where student was criminally charged with two drug and one firearm felonies during summer break and "the only evidence that the Student represents a threat to other students or staff was the principal's feeling that such a threat existed").

Dr. Brian Shumate
September 23, 2019
Page 4 of 7

As in *Tyrone B.*, *B.E.*, and *William J.E.*, the sole evidence in this case that E.F. posed a threat to LHS students, staff, or property was Principal White's uncorroborated opinion. And as in those cases, that opinion does not provide evidence sufficient to support a guilty finding on an off-campus conduct charge. *Cf. C.B. v. Marietta City Bd. of Educ.*, Case No. 2012-02 (Ga. SBE, Oct. 2011) (upholding expulsion with option of alternative school where student was charged with aggravated rape off-campus *and* news media arrived at school to covert the story, disrupting school activities).

As such, the Tribunal's finding on charge 12.08, "outside conduct," must be reversed.

### d.  LHS failed to meet its burden to establish that E.F. violated the TCSS policy on "gang activity."

The TCSS Student Behavior Code prohibits "active[] participat[ion] in any street gang with knowledge that its members engage in or have engaged in a pattern of gang activity and who willfully promotes, furthers, or assists in any criminal conduct or violation of school rules, or represents himself or herself as being a gang member." Any evidence related to E.F.'s purported gang membership was pure speculation based solely on a three-minute hip-hop video, and was thus wholly insufficient to establish a single element of this provision. *See Tyrone B. v. Houston Cnty. Bd. of Educ.*, Case No. 1994-6 (Ga. SBE, April 1994) ("Pure speculation alone cannot support the permanent expulsion of a student").

First, the school failed to establish that E.F. actively participated in any street gang or represented himself as a gang member. In fact, the school's sole witness on E.F.'s purported gang affiliations, LaGrange Police Investigator Jarrod Anderson, explicitly and repeatedly refused to characterize E.F. as a gang member. Investigator Anderson would only go so far as to say that E.F. manifested an "outward affiliation" with a criminal street gang, comparing this behavior to wearing a sports jersey. E.F.'s mother denied his gang involvement and described him as an "artist" actively pursuing a rap career. In the context of a hip hop video, posturing and gestures cannot, without more, support a conclusion that a teenage boy and aspiring rap artist is a gang member.[1]

The school also failed to establish that E.F. willfully promoted, furthered, or assisted in any criminal conduct or violation of school rules. The school's witnesses conceded repeatedly that the video did not depict any violence, drug purchases, or assault. No witness offered conclusive evidence that E.F. carried a real gun. Absent a violation of school rules or allegation of criminal conduct, a student cannot be expelled for "gang activity." *Compare R.B. v. Muscogee Cnty. Bd. of Educ.*, Case No. 2006-35 (Ga. SBE, April 2006) (finding that evidence supported charge of gang activity where student was engaged in fight with other students on school grounds, was alleged to have a

---

[1] "[Hip-hop] is a work of poetry. It is told … in the style of rap music, which is (in)famous for its exaggerated, sometimes violent rhetoric, and which uses language in a variety of complex ways. It is not intended to be taken literally, something that a reasonable listener with even a casual knowledge of rap would understand." *Knox v. Commonwealth of Pennsylvania*, 190 A.3d 1146 (2018), Brief of Amicus Curiae Michael Render ("Killer Mike"), Erik Nielson, and Other Artists and Scholars in Support of Petitioner, 2019 WL 1115837 (U.S.), 19.

Dr. Brian Shumate
September 23, 2019
Page 5 of 7

real weapon, wore a red flag under his shirt, and admitted he was a member of the Bloods
Nation).

Finally, the School Behavior Code explicitly requires that the student alleged to
have actively participated in a gang have "knowledge that its members engage in or have
engaged in a pattern of gang activity." The school did not present any evidence that E.F.
possessed the requisite knowledge of criminal gang activity.

Because no evidence supports the Tribunal's finding on charge 7.10, "gang
activity," it must be reversed.

### e.  The guilty finding violates E.F.'s First Amendment Rights

It is well-settled that public school students do not "shed their constitutional rights
to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Indep.
Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969). Courts since *Tinker* have measured this
freedom against schools' need for "flexibility to control the tenor and contours of student
speech *within school walls or on school property.*" *Boim v. Fulton Cty. Sch. Dist.*, 494
F.3d 978, 982 (11th Cir. 2007) (emphasis added). But local boards of education generally
do not exercise authority over off-campus misconduct. *S.B. v. Henry Cnty. Bd. of Ed.*,
Case No. 2018-12. (Ga. SBE, Feb. 2018). This circuit has held that schools may only
proscribe off-campus expression under *Tinker* when "this conduct would foreseeably
create a risk of substantial disruption within the school environment ... [and] might also
reach campus." *Doe v. Valencia Coll.*, 903 F.3d 1220, 1231 (11th Cir. 2018).

Here, the school provided no evidence, beyond unsubstantiated speculation, that
E.F.'s conduct posed a "substantial disruption" to the school environment. The music
video did not occur on school grounds or at a school sanctioned event. *Cf. Morse v.
Frederick*, 551 U.S. 393, 402 (2007) (finding disciplinary action appropriate where
student brought banner promoting illegal drug use to school field trip). E.F. did not bring
the video to or distribute it on campus. *Cf. Boim*, 494 F.3d at 985 (upholding disciplinary
action where student openly displayed short story about shooting other students on
campus). The video did not threaten or even mention any school officials or other
employees. *Cf. Bell*, 799 F.3d at 392 (affirming expulsion where students posted amateur
rap video explicitly threatening, harassing, and intimidating, by name, specific football
coaches and other school employees). The video posed no foreseeable risk of substantial
disruption to the school environment.

Thus, LHS is without authority to take disciplinary action against E.F. for actions
that occurred off-campus and which would not foreseeably disrupt the school's
educational function. To expel E.F. for posting a hip-hop video would cause a substantial
chilling effect on his freedom of expression. For these reasons, the Tribunal's decision
violates E.F.'s First Amendment rights.

### III.   Conclusion

For the foregoing reasons, the Tribunal's decision was contrary to state and
federal law and unsupported by any evidence. E.F. respectfully request that it be
reversed.

Dr. Brian Shumate
September 23, 2019
Page 6 of 7


Sincerely,

Kamala Buchanan
Law Assistant

Homero Leon
Attorney at Law


cc:     Errin Ford
        Deshae Ford
        John Taylor



Troup County School System

Your Future Starts Today

BOARD OF EDUCATION
Kirk Hancock, Chair
Rev. Allen Simpson, Vice Chair
Brandon Brooks
Joe Franklin
Becky Grubbs
Cathy Hunt
Tanya Jones-Cameron

## DECISION OF TROUP COUNTY BOARD OF EDUCATION

In Re: ▮▮▮▮▮▮▮▮
LaGrange High School
DOB: ▮▮▮▮▮▮ (17-years-old)
CASE: 003-46636-2

The appeal of ▮▮▮▮▮▮▮▮, having come before the Troup County Board of Education at a special meeting on September 23, 2019, pursuant to a written notice of appeal filed by his attorney, Mr. Eugene Choi, and received by the Troup County Board of Education on September 9, 2019; and

The Troup Board of Education having heard oral argument on behalf of ▮▮▮▮▮▮▮▮▮ from his attorney, Mr. Homero Leon, and oral argument on behalf of Mr. Alton White, Principal of LaGrange High School from School Board Attorney, Mr. John Taylor; and the Troup County Board of Education having considered the record of the disciplinary hearing before a tribunal of the Troup County Board of Education, on September 23, and the decision of the Disciplinary Hearing Tribunal, dated September 4, 2019.

Now, therefore, the Troup County Board of Education does hereby affirm the decision of the Disciplinary Hearing Tribunal, dated September 4, 2019, and the discipline imposed on ▮▮▮▮ ▮▮▮▮▮▮▮, in all aspects as outlined hereafter:

1.  ▮▮▮▮▮▮▮▮▮ is expelled from LaGrange High School and the Troup County School System for the remainder of the first semester of the 2019-2020 school year.

2.  While expelled, ▮▮▮▮▮▮▮▮ may not attend or participate in any curricular or extra-curricular activities sponsored by LaGrange High School or the Troup County School System.

3.  ▮▮▮▮▮▮▮▮ is assigned to The HOPE Academy for the second semester of the 2019-2020 school year.



EXHIBIT
3

**Dr. Brian T. Shumate**, *Superintendent of Schools*
shumatebt@troup.org / troup.org
100 North Davis Rd, Building C / LaGrange, Georgia 30241
Office: 706.812.7900 / Fax: 706-812-7904



Errin Deshaad Ford
September 24, 2019
Page 2 of 2

    4.   While assigned to The HOPE Academy, ███████████ may not attend or participate in any curricular or extra-curricular activities sponsored by LaGrange High School or the Troup County School System.

    5.   ███████████ will be eligible to return to his zoned school upon completion of his assignment to The HOPE Academy and with a favorable recommendation from the principal and staff of The HOPE Academy.

This 24th day of September, 2019.


_J. Kirk Hancock_

J. Kirk Hancock, Chairman
Troup County Board of Education

cc:    ███████████, Student
      Ms. Deshae Ford, Parent
      Ms. Sara Ford, Guardian
      Mrs. Jacqueline Jones, Director of Student Services
      Mr. John M. Taylor, Attorney for Troup County School System
      Mr. Homero Leon, Attorney for Errin Deshaad Ford



Troup County School System

Your Future Starts Today

BOARD OF EDUCATION
Kirk Hancock, Chair
Rev. Allen Simpson, Vice Chair
Brandon Brooks
Joe Franklin
Becky Grubbs
Cathy Hunt
Tanya Jones-Cameron

September 24, 2019

Ms. Deshae Ford, Mother
Ms. Sara Ford, Guardian


RE: Decision Appeal - Disciplinary Tribunal dated September 23, 2019

Dear Ms. Ford and ▮▮▮▮▮▮:

The Troup County Board of Education, at a special meeting of September 23, 2019, affirmed the decision of the Disciplinary Hearing Tribunal, dated September 4, 2019, in all aspects. A copy of the appeal decision of the Troup County Board of Education dated September 24, 2019 is enclosed herewith.

You are advised that you have the right to appeal the decision of the Troup County Board of Education to the State Board of Education. The appeal must be filed in writing to me within thirty (30) days of the date of the decision of the Troup County Board of Education. Specifically, you are advised that O.C.G.A. § 20-2-1160 in part provides as follows:

> (b) *Any party aggrieved by a decision of the local board rendered on a contested issue after a hearing shall have the right to appeal therefrom to the State Board of Education. The appeal shall be in writing and shall distinctly set forth the question in the dispute, the decision of the local board, and a concise statement of the reasons why the decision is complained of; and the party taking the appeal shall also file with the appeal a transcript of testimony certified as true and correct by the local school superintendent. The appeal shall be filed with the superintendent within 30 days of the decision of the local board and within ten days thereafter it shall be the duty of the superintendent to transmit a copy of the appeal together with the transcript of evidence and proceedings, the decision of the local board, and other matters in the file relating to the appeal to the state board. The state board shall adopt regulations governing the procedure for hearings before a local board and proceedings before it.*

**Dr. Brian T. Shumate**, *Superintendent of Schools*
shumatebt@troup.org / troup.org
100 North Davis Rd, Building C / LaGrange, Georgia 30241
Office: 706.812.7900 / Fax: 706-812-7904



Errin Deshaad Ford
September 24, 2019
Page 2 of 2

For your information a complete copy of O.C.G.A. § 20-2-1160 is enclosed herewith.

Sincerely,

Brian T. Shumate, Ph.D.
Superintendent

cc:   Dr. Jacqueline Jones, Director of Student Services
      Mr. Alton White, Principal, LaGrange High School
      Mr. John Taylor, Attorney for Troup County School System
      Mr. Homero Leon, Attorney for Errin D. Ford

LexisNexis

Georgia General Assembly                                         More  ⌄

Document: O.C.G.A. § 20-2-1160



⟨ Previous                                                          Next ⟩

## O.C.G.A. § 20-2-1160

### Copy Citation

Current through the 2019 Regular Session of the General Assembly

GA - Official Code of Georgia Annotated    TITLE 20.
EDUCATION    CHAPTER 2. ELEMENTARY AND SECONDARY
EDUCATION    ARTICLE 25. SCHOOL LAW TRIBUNALS; APPEALS

### § 20-2-1160. Local boards to be tribunals to determine school law controversies; appeals; special provisions for disabled children

**(a)** Every county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary. When such local board has made a decision, it shall be binding on the parties; provided, however, that the board shall notify the parties in writing of the decision and of their right to appeal the decision to the State Board of Education and shall clearly describe the procedure and requirements for such an appeal which are provided in subsection (b) of this Code section.

**(b)** Any party aggrieved by a decision of the local board rendered on a contested issue after a hearing shall have the right to appeal therefrom to the State Board of Education. The appeal shall be in writing and shall distinctly set forth the question in dispute, the decision of the local board, and a concise statement of the reasons why the decision is complained of; and the party taking the appeal shall also file with the

appeal a transcript of testimony certified as true and correct by the local school superintendent. The appeal shall be filed with the superintendent within 30 days of the decision of the local board, and within ten days thereafter it shall be the duty of the superintendent to transmit a copy of the appeal together with the transcript of evidence and proceedings, the decision of the local board, and other matters in the file relating to the appeal to the state board. The state board shall adopt regulations governing the procedure for hearings before the local board and proceedings before it. The state board may affirm, reverse, or remand the local board decision or may refer the matter to mediation.

**(c)** Where an appeal is taken to the state board, the state board shall notify the parties in writing of its decision within 25 days after hearing thereon and of their right to appeal the decision to the superior court of the county wherein the local board of education is located and shall clearly describe the procedure and requirements for such an appeal which are provided in this subsection and in subsection (d) of this Code section. Any party aggrieved thereby may appeal to the superior court of the county wherein the local board of education is situated. Such appeal shall be filed in writing within 30 days after the decision of the state board. Within ten days after filing of such appeal, it shall be the duty of the State School Superintendent to transmit to the superior court a copy of the record and transcript sent up from the local board as well as the decision and any order of the state board, certified as true and correct.

**(d)** The following form shall be sufficient for an appeal:

"In re

hereby appeals to the from the decision of
rendered in the above-stated matter on .

This day of , ."

**(e)** Neither the state board nor the superior court shall consider any question in matters before the local board nor consider the matter de novo, and the review by the state board or the superior court shall be confined to the record. In the superior court, the appeal shall be determined by the judge sitting without a jury.

**(f)** The procedures provided in subsections (a) through (e) of this Code section shall not be applicable to disabled children when a hearing is necessary to decide a complaint made under the federal Education for All Handicapped Children Act of 1975. The state board shall promulgate by rules and regulations an impartial due process procedure for hearing and determining any matter of local controversy in reference to the construction or administration of the school law with respect to disabled children as such term is defined by the state board. Any tribunal which the state board shall empower to hear such cases shall have the power to summon witnesses and take testimony as such tribunal deems it necessary. In promulgating such rules and regulations, the state board shall consult with local boards of education and other local school officials in order to establish procedures required by this subsection which will coordinate, to the extent practicable, with the administrative practices of such local boards.

## History

Ga. L. 1919, p. 288, § 85; Code 1933, § 32-910; Ga. L. 1947, p. 1189, §§ 1, 3a; Ga. L. 1961, p. 39, § 1; Ga. L. 1969, p. 708, § 1; Ga. L. 1977, p. 875, § 1; Ga. L. 1980, p. 1508, § 1; Ga. L. 1986, p. 216, § 1; Ga. L. 1992, p. 6, § 20; Ga. L. 1993, p. 1279, § 13.1; Ga. L. 1995, p. 1302, § 14; Ga. L. 1999, p. 81, § 20; Ga. L. 2015, p. 1376, § 39/HB 502.

OFFICIAL CODE OF GEORGIA ANNOTATED
Copyright 2019 by The State of Georgia All rights reserved.

‹ Previous                                                                                     Next ›


About
LexisNexis®          Privacy
Policy          Terms &
Conditions          Sign
Out          Copyright
© 2019
LexisNexis.
All rights
reserved.          

KAREN HENIZE GEIGER
MANAGING ATTORNEY

SHIRLEY F. ANDERSON
REGIONAL OPERATIONS
MANAGER

EUGENE CHOI
JESSICA STUART
LAUREN CARTWRIGHT
WHITNEY KNOX LEE
SUPERVISING ATTORNEYS

MEGAN PULSTS
TASHA ZEIGLER
JAKIRA DAVIS
ELIZABETH MAIN
STAFF ATTORNEYS

SARAH E. MOORE
SENIOR PARALEGAL
ELISE BROWN
VICTIMS OF CRIME NAVIGATOR

# GEORGIA LEGAL SERVICES PROGRAM®
## PIEDMONT REGIONAL OFFICE
104 MARIETTA STREET, N.W. SUITE 240
ATLANTA, GEORGIA 30303-2743
(404) 894-7707 FAX (404) 463-1584
(404) 563-7715 (auto attendant)
1-800- 822-5391 (for clients only)
TDD 1-800-255-0056

RICHARD M. RUFOLO
Not admitted in Georgia

IRA FOSTER
DEPUTY DIRECTOR GENERAL
COUNSEL

BOARD OF DIRECTORS
TERRICA R. GANZY, ESQ.
PRESIDENT
SETH BRUCKNER
VICE PRESIDENT
PATRICK DAVENPORT, ESQ.
VICE PRESIDENT
M. FAYE RICCORD,
TREASURER
TENNELL LOCKETT, ESQ.
SECRETARY
WILLIAM H. "BERT" GREGORY, II
AT LARGE
NETTIE WILLIAMS
AT LARGE

October 1, 2019

Dr. Brian Shumate, Superintendent
Troup County School District
100 North Davis Road
LaGrange, GA 30241

*Via Email and Certified Mail:*

    Re:    E.F. Appeal to the State Board of Education

Dear Dr. Shumate,

Our office represents ▮▮▮▮▮▮. We are writing to appeal the decision issued by the Troup County Board of Education on September 24, 2019, affirming the decision issued by the Disciplinary Hearing Officer on September 4, 2019. We appeal the decision on the grounds that it is arbitrary and capricious, contrary to law, unsupported by any evidence, and in violation of ▮▮▮▮▮▮'s due process and First Amendment rights.

We request that an expedited copy of the complete record be delivered to my office, including transcripts of both the Tribunal and the hearing before the Troup County Board of Education, and that any fees be waived pursuant to Ga. Comp. R. & Regs. 160-1-3-.04(4)(b)-(c). Please deliver the record to me as soon as it is available, by email to kbuchanan@glsp.org, or via overnight mail to the address above.

We request that this appeal be processed expeditiously with the State Board of Education. We also request that oral arguments be scheduled before the State Board of Education and that time be provided to submit briefs in support of the appeal.

If you have any questions pertaining to this appeal, please do not hesitate to contact me at (404) 563-7715, ext. 1632.

Sincerely,

Kamala N. Buchanan
Counsel for E.F.

**EXHIBIT**
**4**

LSC

Serves: Bartow, Carroll, Coweta, Douglas, Fayette, Floyd, Gordon, Haralson, Heard, Henry, Newton, Paulding, Polk, Rockdale and Spalding
AN AFFIRMATIVE ACTION/EQUAL OPPORTUNITY EMPLOYER M/F/H/V

Dr. Brian Shumate
October 1, 2019
Page 2 of 2

Eugene Choi
Attorney at Law
GA Bar No. 121626

cc:     Deshae Ford

        John Taylor