IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

E.F., a minor, by and through,
Laquarbashaun Ford, his mother,

     Plaintiff,

v.

TROUP COUNTY SCHOOL
DISTRICT, BRIAN SHUMATE, in
his individual and official capacity,
ALTON WHITE, in his individual
and official capacity,

     Defendants.

CIVIL ACTION FILE

NO. 3:19-cv-141-TCB

# **O R D E R**

## I.   **Background**

During the summer of 2019, Plaintiff E.F. was a seventeen-year-old student enrolled in summer school at LaGrange High School. He was to begin his senior year in August.

E.F. is an aspiring rapper. He performs under the moniker "Badazz Bastard." In June or July 2019, he filmed a YouTube video for

his song "Consequences 2." The video features E.F. and other adolescents dancing, smoking, making obscene and other hand gestures, and waving what appears to be a real handgun. E.F. uploaded his music video to YouTube approximately two weeks after filming.

On July 13 or 14, James Bozeman, assistant principal at LaGrange High School, saw the "Consequences 2" music video on his Facebook feed. On July 25, Bozeman provided Defendant Alton White, principal of LaGrange High School, with a link to the video.

White then forwarded the video to school resource officer Lane Hammer, who in turn referred the video to the special investigations unit of the LaGrange police department. Investigator Jarrod Anderson reviewed the video and opined that some of E.F.'s hand gestures were gang signs.

Anderson then referred the video to an assistant district attorney for prosecution, who declined to press charges.

On the first day of the fall semester, the school suspended E.F. pending a disciplinary tribunal hearing.

On September 3, White charged E.F. with violating two sections of the Troup County School District Student Behavior Code. The charges were for violations of section 7.10, "Gang Activity," and 12.08, "Outside Conduct."

On September 4, the disciplinary tribunal held a hearing and found E.F. guilty of violating sections 7.10 and 12.08.

The tribunal expelled E.F. for his senior year, with the option to attend the second semester of his senior year at the Troup County school district alternative school, HOPE Academy. The tribunal also held that E.F. could return to LaGrange High School for the first semester of the 2020-2021 school year upon favorable recommendation from the principal and staff of HOPE Academy.

On September 9, E.F. notified Defendant Brian Shumate, superintendent of the Troup County school district, of his intent to appeal the tribunal's decision to the Troup County board of education.

On September 23, the Troup County board of education heard oral argument on the appeal, and the following day, Shumate informed E.F. that the school board upheld the tribunal's decision.

On October 1, E.F. appealed the decision to the Georgia State Board of Education.

On October 15, E.F. filed this lawsuit through his mother, Laquarbashaun Ford, against Defendants Troup County School District, White, and Shumate. E.F. brings two claims: (1) violation of freedom of speech guaranteed by the First Amendment, and (2) violation of due process guaranteed by the First and Fourteenth Amendments.

E.F. seeks the following relief:

- a declaration that
    - Defendants' actions violated E.F's right to free speech under the First and Fourteenth Amendments; and
    - sections 7.10 and 12.08 of the Troup County School District Student Behavior Code are unconstitutionally overbroad and vague, in violation of the Fourteenth Amendment;

- a preliminary and permanent injunction enjoining Defendants from punishing E.F. or taking further disciplinary action against him on the basis of his protected expression;

- a preliminary and permanent injunction enjoining Defendants from implementing sections 7.10 and 12.08 of the Troup County school district behavior code;

- an order requiring Defendants to
  - allow E.F. to return to LaGrange High School without condition;
  - expunge E.F.'s student record of any and all allegations, findings, mentions, and consequences resulting from Defendants' violations;
  - adopt and implement a student behavior code that comports with the U.S. Constitution and other applicable laws;
  - provide remedial educational services to E.F.;

5

- nominal and actual damages against Troup County school district, and nominal, actual, and punitive damages against Shumate and White; and

- attorneys' fees.

Now before the Court is E.F.s motion [3] for preliminary injunction. Having had the benefit of oral argument, the Court enters the following order.

## II.   Discussion

E.F. seeks a preliminary injunction enjoining Defendants from punishing him or taking further disciplinary action against him based on his expression, and implementing sections 7.10 and 12.08 of the student behavior code.

### A.   Should the Court Abstain from Exercising Jurisdiction?

Defendants first contend that the Court should not exercise jurisdiction over this case. They assert that "[b]ecause E.F. is still actively appealing his disciplinary proceeding through the state proceedings, it would not be appropriate for the Court to interfere with

Georgia's legitimate interest in overseeing school policy and discipline." [14] at 5.

The disciplinary proceedings to which Defendants refer is E.F.'s appeal of the expulsion. Once a disciplinary tribunal issues its decision, a student may appeal the decision to the local school board of education, which E.F. has done. The Troup County Board of Education affirmed the tribunal's decision. A student may then appeal to the State Board of Education, and then to superior court. E.F. has appealed to the State Board of Education, but as of the time of this order, it has not issued a decision.

### 1. *Younger* Categories

Consequently, Defendants argue that *Younger* abstention applies. *Younger* abstention is a doctrine that prohibits federal courts from interfering with certain ongoing state proceedings. The doctrine applies in only three categories of cases: (1) "ongoing state criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*

*Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (alteration in original) (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)). Defendants assert that the disciplinary appeal process falls under category two, certain civil enforcement proceedings. E.F. replies that it does not.

*Younger* applies to "particular state civil proceedings that are akin to criminal prosecutions . . . ." *Sprint*, 571 U.S. at 72. To qualify as akin to criminal prosecutions, the proceedings are "characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Id.* at 79. Further, "[i]investigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.* at 79–80.

In this case, principal White, part of the Troup County school district, brought an enforcement action to sanction E.F. for his alleged use of gang signs and possession of a firearm in his music video. The Troup County school district qualifies as a state actor. *See Coffee Cty. Sch. Dist. v. Snipes*, 454 S.E.2d 149, 150 (Ga. Ct. App. 1995) (holding that a county-wide school district is a department or agency of the state

8

and political subdivisions of the state in the context of sovereign immunity).

Next, an investigation occurred. The assistant principal watched the video, forwarded it to White, who then forwarded it to the school resource officer, who then forwarded it to the special victims unit. The special victims unit then analyzed the video and determined that the firearm may have been real and that E.F. used gang signs.

The Court finds that it should abstain from hearing the case at this time. The appeal process E.F. is going through is similarly akin to a criminal prosecution.

E.F. argues that *Younger* abstention should not apply to school disciplinary hearings because such application is unprecedented in this circuit. However, a lack of Eleventh Circuit law does not preclude this Court from taking guidance from other courts that have addressed the issue of whether *Younger* applies to student disciplinary proceedings.

In *Doe v. University of Kentucky*, 860 F.3d 365 (6th Cir. 2017), the Sixth Circuit held that a student disciplinary proceeding qualified as a civil enforcement proceeding because it involved a complaint,

investigation, notice of charge, and the opportunity to introduce witnesses and evidence.

E.F. asserts that the Georgia State Board of Education "consistently stresses that school discipline is not criminal in nature." [18] at 4. However, in *Doe*, the court held that the lack of certain protections such as cross-examination and subpoena power did not preclude the applicability of *Younger*. Similarly here, the fact that the state school board of education does not provide all the protection of a criminal proceeding does not render *Younger* inapposite.

Similarly, and more recently, in *G.S. ex rel. F.S. v. Rose Tree Media School District*, 393 F. Supp. 3d 420, 429 (E.D. Pa. 2019), the court held that *Younger* abstention applies to a case in which the plaintiff filed a lawsuit asserting, inter alia, infringement of his First and Fourteenth Amendment rights. The plaintiff posted lyrics to a rap song on his Snapchat account and was subsequently expelled. In Pennsylvania, the law requires a school to hold a formal hearing before expelling a student. At that point, the student can appeal the decision

to the court of common pleas,[1] then to the commonwealth court.[2] The court held that if the plaintiff prevailed on the grounds that his speech was protected in the federal suit, he would have "undermined the expulsion without giving the state court system its proper opportunity to review the matter." *Id.* at 429.

This Court finds that the same rationale is applicable here, and that E.F.'s disciplinary proceeding constitutes a civil enforcement proceeding.

### 2.   *Middlesex* Factors

Because the Court finds that this case fits into one of the *Younger* categories, it must also look at additional factors under *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). "The *Middlesex* test states that abstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate

---

[1] The court of common pleas is the state-level trial court in Pennsylvania.

[2] The commonwealth court is one of two intermediate appellate courts.

opportunity to raise his constitutional claims." *Doe*, 860 F.3d at 369 (citing *Middlesex*, 457 U.S. at 432–34).

E.F. asserts that before even addressing the first *Middlesex* factor, the Court should determine whether the federal proceeding will interfere with the state proceeding. Indeed, the Eleventh Circuit has held that if there is no interference, abstention is not required. *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on state proceedings." *Id.* In this case, the issuance of an injunction would moot the state proceedings—something the Court views as undue interference with the state's proceedings.

Thus, the question is whether E.F.'s state proceedings are currently pending. In *M.R. v. Board of School Commissioners of Mobile County*, No. 11-0245-WS-C, 2012 WL 3778283, at *3–4 (S.D. Ala. Aug. 30, 2012), the court analyzed the "unitary proceeding rationale." Under that rationale, the defendant-school board asserted that "the completed administrative proceedings and the availability of state judicial review

[were] properly viewed in the aggregate as a single unitary proceeding for *Younger* purposes." *Id.* at *3. Thus, the defendants argued that the state proceeding was ongoing because the plaintiffs had not seen it through to the conclusion of the state judicial review proceedings.

That court agreed, based on guidance from the First, Third, Fourth, Seventh, and Eight Circuits, and found that state proceedings were ongoing as a matter of law for *Younger* purposes "where state judicial review is available from a final administrative proceeding, even where a plaintiff has not availed itself of that judicial review mechanism." *Id.*

In this case, E.F. is in the process of seeking review from the state board of education and has not availed himself of the judicial review mechanism available upon receipt of the board's decision. Accordingly, the state proceedings are currently pending.

This case also involves an important state interest. Though E.F. argues that the state cannot rely on a general interest in education, he provides no case law to support that assertion. Moreover, the Supreme

Court has held that "[p]roviding public schools ranks at the very apex of the function of a State." *Wisconsin v. Yoder*, 406 U.S. 205, 213 (1972).

The final factor is whether E.F. may raise his constitutional claims to the state board of education. On the one hand, E.F. has already raised his First Amendment claims in his letter of appeal. However, nothing in the statute explicitly allows E.F. to raise his constitutional claims.

Defendants cite *Henry County Board of Education v. S.G.*, 804 S.E.2d 427 (Ga. 2017), to support their assertion that E.F. may raise his constitutional challenges to the state board of education. However, in that case, the court merely considered whether an affirmative defense applied and did not explicitly address *constitutional challenges* as *Middlesex* requires. Regardless, "[m]inimal respect for the state processes . . . precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1262 (11th Cir. 2001) (quoting *Middlesex*, 457 U.S. at 431).

Moreover, "[E.F.] bears the burden to establish that the state procedures are *inadequate*." *Id.*

In an attempt to meet that burden, E.F. asserts that he does not have an adequate opportunity for judicial review of his claims and that the "nature of the First Amendment counsels against abstention where speech may be chilled pending state proceedings." [18] at 7. To support his argument, he cites *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209 (11th Cir. 2002), a case in which the Eleventh Circuit concluded that the district court did not have discretion to abstain. There, the plaintiffs brought a § 1983 action challenging the constitutionality of a city ordinance prohibiting private modeling sessions at adult entertaining establishments. That case is easily distinguishable because the plaintiffs brought their constitutional challenge in federal court before any criminal prosecutions began. It was only after the defendant had filed its motion to dismiss, answer, and motion for summary judgment—and after the court ruled on a motion for temporary restraining order—that a criminal prosecution

began. The district court then granted the defendant's motion to dismiss based on *Younger* abstention.

On appeal, the Eleventh Circuit determined that the federal proceeding had progressed beyond a point at which *Younger* abstention could be invoked. Though the Eleventh Circuit indeed expressed concern that *Younger* abstention could chill future speech, that concern was expressed in the context of allowing the doctrine to apply *after* substantial court proceedings had occurred. The concern was grounded in fear that allowing such application could result in a reverse-removal power and subsequent relitigating of issues that had previously been argued.

In contrast here, the state proceedings against E.F. have already commenced and there has been no activity in the federal case other than the briefing on E.F.'s motion for preliminary injunction. However, "the Supreme Court has indicated that the mere denial of a TRO by the district court, without more, does not constitute a proceeding of substance that renders *Younger* abstention improper . . ." *Id.* at 1218.

16

Moreover, the court in *For Your Eyes Alone* explicitly stated, "First Amendment concerns do not, in themselves, provided a federal court with justification for interfering with a pending state criminal proceeding." *Id.* at 1219. Accordingly, E.F. has not met his burden of showing that state procedures are inadequate.

Third, even if one of the three categories warrants *Younger* abstention and the *Middlesex* factors favor abstention, abstention is not appropriate in three exceptional cases: "(1) there is evidence that the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where constitutional issues can be raised." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 948 (11th Cir. 2015) (quoting *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)). Here, there is no evidence any of those exceptions exist.

One remaining consideration exists in light of the fact that E.F. seeks both injunctive and monetary relief. Because he cannot bring his claims for monetary damages before the state board of education, the Court must determine how to handle those claims. The district court

17

can only issue a stay in the proceedings until the resolution of E.F.'s

proceedings through the state appeal system. *See Watson v. Fla.*

*Judicial Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015).

## III.   Conclusion

For the foregoing reasons, the Court abstains from hearing E.F.'s

claims at this time. E.F.'s motion [3] for preliminary injunction is

denied without prejudice. This case is hereby stayed pending resolution

of the state appeal process, and the Clerk is directed to administratively

close this case.[3] At such time as the appeals are resolved, either party

may file a motion to reopen the case, and E.F. may re-file his motion for

preliminary injunction.

IT IS SO ORDERED this 25th day of October, 2019.

Timothy C. Batten, Sr.
United States District Judge

---

[3] Administratively closing a case is a docket-control device used by the Court for statistical purposes. It does not prejudice the parties' rights in any manner.