IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| E.F., a minor, by and through, LAQUARBASHAUN FORD, his mother,<br><br>    Plaintiff,<br><br>v.<br><br>TROUP COUNTY SCHOOL DISTRICT, BRIAN SHUMATE, in his individual and official capacity, and ALTON WHITE, in his individual and official capacity,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 3:19-cv-141-TCB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER TO ABSTAIN**

Plaintiff E.F., by and through his mother, Laquarbashaun Ford, respectfully submits this Memorandum of Law in support of his motion for reconsideration of the Court's Order to abstain [20] from reaching E.F.'s constitutional claims under the First Amendment. E.F. respectfully suggests that the Court erred as a matter of law by invoking Younger abstention on grounds that: (1) the possibility of mooting the state proceeding constitutes undue interference with the state process[1]; (2) that

---

[1] Order, Dkt. No. [20] at 12.

the Georgia school discipline appeal process would provide an adequate opportunity for E.F. to raise his constitutional claim and seek the immediate relief he requested[2]; (3) there is no evidence that E.F. is suffering irreparable harm[3]; and (4) there is no evidence that E.F. does not have an adequate alternative state forum where constitutional issues can be raised.[4] E.F. requests that the Court reconsider its decision to abstain, accept jurisdiction, and grant E.F.'s Motion for Preliminary Injunction.

I. E.F.'s federal proceeding will not unduly interfere with his state appeal proceeding.

E.F. respectfully requests that this Court reconsider its conclusion that because E.F.'s federal requested relief may moot the state proceeding on his constitutional issue, undue interference is established and abstention is warranted. See Order, Dkt. No. [20] at 12. The first Middlesex factor requires a showing that the federal proceeding will interfere with an ongoing state proceeding. "If there is no interference, then abstention is not required." 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003); see also Walker v. City of Calhoun, 901 F.3d 1245, 1254 (11th Cir. 2018); Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1251

---

[2] Id. at 15-17.
[3] Id. at 17.
[4] Id.

(11th Cir. 2009); Wexler v. Lepore, 385 F.3d 1336, 1341 (11th Cir. 2004); Murphy v. Farmer, 176 F. Supp. 3d 1325, 1352 (N.D. Ga. 2016); M.R. v. Bd. of Sch. Comm'rs, No. 11-0245-WS-C, 2012 U.S. Dist. LEXIS 123710, at *23-24 (S.D. Ala. 2012).

In determining whether federal relief would unduly interfere with state proceedings, the U.S. Supreme Court has ruled that "we do not look narrowly to [state's] interest in the *outcome* of the particular case – which could arguably be offset by a substantial federal interest in the opposite outcome. Rather, what we look to is the importance of the generic proceedings to the State." New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 365 (1989) (emphasis in original). "[E]ven when a federal case implicates important state interests, 'federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States.'" Tokyo Gwinnet, LLC v. Gwinnet Cty., No. 17-11871, 2019 U.S. App. LEXIS 30455, at *25 (11th Cir. 2019) (citing Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013)). In Wexler v. Lepore, the Eleventh Circuit Court of Appeals stated,

> The district court concluded that the relief sought by Appellants would directly interfere with the state proceeding: seemingly by potentially rendering moot the state proceeding. We concluded that this determination constituted an error of law: without showing an undue

interference on state proceedings, *abstention is not permitted* . . . . A dispositive decision by either court does not offend the respectful relationship between state and federal courts, or would it place the district court in the role of supervisor of state litigation or the state court.

385 F.3d 1336, 1341 (11th Cir. 2004) (emphasis added).

The question is whether the federal relief requested would interfere with the state court process. 31 Foster Children, 329 F.3d at 1276. Examples of cases where the federal relief would interfere with the state process include requests to enjoin the state process or implementation of an unconstitutional state statute, see, e.g., Middlesex, 457 U.S. at 428-29, requests that would indirectly control or enjoin the state process, see, e.g., O'Shea v. Littleton, 414 U.S. 488, 500 (1974), or requests that would require federal court oversight of state court operations, see e.g., 31 Foster Children, 329 F.3d at 1279. However, courts should "not accept that the existence of a parallel state court action would warrant abstention in federal court, unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-life functions." Wexler, 385 F.3d at 1340.

This Court cited to Doe v. Univ. of Ky., 860 F.3d 365 (6th Cir. 2017), and G.S. v. Rose Tree Media Sch. Dist., 393 F. Supp. 3d 420 (E.D. Pa. 2019), as two cases where courts have abstained in the school discipline context. These cases are distinguishable from the case at hand. In Doe, the federal plaintiff filed an action in

the district court seeking to enjoin Defendants from conducting the hearing on constitutional due process grounds. Doe, 860 F.3d at 368. Thus, the federal relief in Doe would preclude the state from conducting the hearing, interfering with the state process. Id. Here, E.F.'s request for injunctive relief does not seek to enjoin the state appeal process, nor does E.F. allege that the state process is unconstitutional. Cf. id.

In G.S., the U.S. District Court of Pennsylvania abstained, reasoning that "a lack of 'undue interference' is not a recognized exception" in the Third Circuit. 393 F. Supp. 3d at 431 (holding that "undue interference necessarily arises" in the three Younger exceptional circumstances and is not its own exception). However, in the Eleventh Circuit, a showing of "undue interference" with the state process is a requirement to abstain under the first Middlesex factor. See 31 Foster Children, 329 F.3d at 1276 ("Therefore, we join our sister circuits in explicitly stating that an essential part of the first Middlesex factor in Younger abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding.")

Younger abstention was intended to prevent the enjoining of or undue interference with state criminal proceedings, and later certain state civil proceedings. The Younger Court recognized that the notion of "comity" and respect for our system of Federalism mean recognizing the legitimate interest in both State and Federal courts to vindicate and protect federal rights. See Younger v. Harris, 401

U.S. 37, 44 (1971). In Younger, and the overwhelming majority of subsequent cases that have invoked Younger abstention, the federal plaintiff was asking a federal court to strike or enjoin the implementation of a state statute or state judicial process as unconstitutional. However, the "concept does not mean blind deference to 'States' Rights'[.]" See id. Younger abstention was never intended to preclude a plaintiff from bringing claims against a state actor alleged to have violated his constitutional rights, even when a state administrative process is available. The "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982).

Because E.F.'s federal request would not unduly interfere with his state administrative appeal process, beyond the possibility of pre-empting the constitutional issue, E.F. respectfully requests that this Court reconsider its conclusion that mooting the state proceeding constitutes undue interference. See Order, Dkt. No. [20] at 12 ("[T]he issuance of an injunction would moot the state proceedings—something the Court views as undue interference with the state's proceedings."). But see NOPSI, 491 U.S. at 373 (holding the possibility of federal preemption of a pending state court action does not justify abstention); Wexler, 385 F.3d at 1341 ("A dispositive decision by either court does not offend the respectful relationship between state and federal courts[.]").

II. <u>The school discipline appeal process does not provide an adequate opportunity for E.F. to raise his constitutional claims.</u>

The facts of this case and the state appeal process do not satisfy the third <u>Middlesex</u> factor. The state appeal process does not provide an adequate opportunity for E.F. to raise his First Amendment claim.

In order to invoke abstention, the state proceeding must provide an adequate opportunity to raise constitutional challenges. <u>Sprint</u>, 571 U.S. at 81 (citing <u>Middlesex</u>, 457 U.S. at 432). In <u>Middlesex</u>, the Court made clear that the mere possibility for a federal plaintiff to raise a constitutional claim in the state proceeding is not dispositive; rather, the state process itself must be analyzed to determine whether the plaintiff has an "adequate opportunity" to raise his constitutional claims. <u>Middlesex</u>, 457 U.S. at 435; <u>see</u> <u>also</u> <u>News-Journal Corp. v. Foxman</u>, 939 F.2d 1499, 1516 (11th Cir. 1991) ("Abstention questions must be resolved by close attention to the facts of each case.").

In <u>Middlesex</u>, the Court explained that the plaintiff failed to respond to the complaint filed by the local Ethics Committee and failed to even attempt to raise any federal constitutional challenge in the state proceedings; that there was no evidence that the state Ethics Committee, "the majority of whom are lawyers," could not consider whether the rules violated constitutional guarantees; that filing a complaint with the state Ethics Committee "is in effect a filing with the New Jersey Supreme

Court," which had already "*sua sponte* entertained the constitutional issues" raised by the plaintiff. The Court concluded that "[i]n light of the unique relationship between the New Jersey Supreme Court and the local Ethics Committee, and in view of the nature of the proceedings," the plaintiff had an adequate opportunity to raise his constitutional challenges in the state proceeding. Id. at 435-436.

Here, E.F. does not have an adequate opportunity to bring his constitutional claims in the Georgia school discipline appeal process. First, the appeal process is confined to the discipline hearing record and such matters cannot be considered de novo.[5] See O.C.G.A. § 20-2-1160(e). Second, after a lengthy process, the state board only has the power to affirm, reverse or remand, or refer to mediation; it does not have the power to *sua sponte* entertain the constitutional issue or provide immediate relief. See id. § 20-2-1160(b). Third, E.F. would have to overcome the stringent "any evidence" appeal standard in order to succeed on his affirmative constitutional claim against Defendants. See Henry Cnty. Bd. of Educ. v. S.G., 804 S.E. 2d 427, 432 (2017). Fourth, the state board would not be reviewing a challenge to the constitutionality of a state statute, department regulation, or rules governing the state

---

[5] For example, E.F. would not be able to present evidence of the chilling effect derived from Defendants' "direct penalization" of E.F.'s speech, which is a requirement in seeking injunctive relief. See KH Outdoor, LLC v. Trussville, 458 F.36 1261, 1272 (11th Cir. 2006).

appeal process, but rather, the state board would be tasked to review whether Defendant's actions violated E.F.'s First Amendment right to free speech, as interpreted by relevant federal case law. Although well accomplished in other fields, the overwhelming majority, if not all, of the members of the State Board of Education are not attorneys.[6]

Furthermore, a state's ability to resolve "constitutional challenges speedily is an important consideration" in determining whether a federal court should abstain. Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1263 n.6 (11th Cir. 2001). Here, the state board decision will take months to be issued. See Ga. Comp. R. & Regs. R. 160-1-3-.04(g)-(j) (prescribing 40 days for briefing after the appeal is docketed with the state board,[7] no time limit on scheduling oral argument before a hearing officer, no time limit for the hearing officer to submit a recommendation to the state board, no time limit for the state board to meet after oral argument, then 25 days after the state board meets to consider the hearing officer's recommendation and render a decision).

---

[6] See State Board of Education, https://www.gadoe.org/External-Affairs-and-Policy/State-Board-of-Education/Pages/default.aspx (last visited Nov. 11, 2019).
[7] As of the filing of this motion, E.F. is still waiting for notice that his state appeal has been docketed.

E.F. respectfully requests that this Court reconsider whether E.F. will have an adequate opportunity to raise his constitutional claims in the state appeal process.

III. E.F. is suffering irreparable harm making abstention inappropriate.

Even if all the Sprint circumstances are satisfied, and all the Middlesex factors are satisfied, E.F. respectfully requests that this Court reconsider whether "irreparable injury would occur." Abstention "is not appropriate if the federal plaintiff will 'suffer irreparable injury' absent equitable relief." See NOPSI, 491 U.S. at 366 (citing Younger, 401 U.S. at 43-44). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). A "direct penalization, as opposed to incidental inhibition" of First Amendment rights cannot be remedied absent an injunction. KH Outdoor, LLC v. Trussville, 458 F.3d 1261, 1272 (11th Cir. 2006); see also Ne. Fla. Chapter of Ass'n of Gen. Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) ("The only area of constitutional jurisprudence where we have said that an on-going violation constitutes irreparable injury is the area of first amendment and right of privacy jurisprudence.").

The record evidence shows E.F.'s continuing irreparable harm through the chilling of his speech. Defendants, as school officials, are not authorized to curtail First Amendment rights outside of the school context. See Tinker v. Des Moines

Indep. Cmty. Sch. Dist., 393 U.S. 503, 506 (1969) ("School officials do not possess absolute authority over their students . . . In the absence of a specific showing of *constitutionally* valid reasons to regulate their speech, students are entitled to freedom of expression of their views.") (emphasis added); see also Pl.'s Mot., Dkt. Nos. [3-1], [18]. Defendants' violations are "flagrantly and patently violative of express constitutional prohibitions." See Butler, 245 F.3d at 1264 (citing Younger, 401 U.S. at 53).

Even if Defendants can sanction student speech that has no connection to the school setting, E.F. must know with certainty what "gestures" are prohibited; to what degree his props can appear to be real; and what medium, if any, he can use to share his expression in the community. E.F. does not know what artistic expressions, unrelated to school, school officials will find justifiable to deny E.F. public education.[8] Due to this uncertainty, when E.F. is permitted access to education again, he will have to delete all of his artistic expression from all mediums that Defendants may potentially have access to, or be subject to the same, if not worse, punishment,

---

[8] As both parties and the Court have pointed out, the level of offensiveness of E.F.'s lyrics in the music video is not at issue in E.F.'s First Amendment free speech claim. See Morse v. Frederick, 551 U.S. 393, 409 (2007) (holding that the degree of offensiveness is not the test).

depending on Defendants' subjective interpretation of E.F.'s music.[9] This causes a chilling effect. See For Your Eyes Alone, 281 F.3d at 1219 ("Uncertainty as to the constitutionality of the statute at issue, or as to the conduct of the state agents implementing the statute, can in itself chill future speech.").

In invoking abstention, this Court cited to For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209 (11th Cir. 2002). See Order, Dkt. No. [20] at 16. This Court reasoned that For Your Eyes Alone was easily distinguishable given that the federal plaintiffs brought their constitutional challenge in federal court before his criminal prosecution began. See id. This Court held that allowing such application could result in a reverse-removal power and subsequent relitigating of issues that had previously been argued. Id.[10] However, such concerns weigh in favor of declining abstention.

---

[9] Defendants conveyed to the Court that they would not punish E.F. again for his music video even though the exact same circumstances will exist. Although E.F. appreciates Defendants' assurance, E.F. is wary because Defendants' assurance completely undercuts their required showing that E.F.'s speech would have reasonably caused a material and substantial disruption of school operations. See Tinker, 393 U.S. at 511. ("But, in our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression.").

[10] For Your Eyes Alone highlights the proposition that federal courts should be reluctant to focus too heavily on commencement dates of the state and federal actions in determining *Younger* abstention, but rather, should balance the risk of creating a "reverse removal power" allowing state prosecutors to remove federal civil rights actions to state court, or give expansive leeway to override a plaintiff's

Defendants' constitutional violations did not become actionable until the Troup County Board of Education issued its final decision on September 24, 2019. See Pl.'s Ex. 4, Dkt. No. [3-7] at 2; O.C.G.A. § 20-2-754(d) (prescribing that a decision is not final until the local board issues its decision). Since the final decision, no other court or proceeding has addressed E.F.'s First Amendment claim except this Court. These circumstances create "an extraordinary pressing need for immediate equitable relief." See Kugler v. Helfant, 421 U.S. 117, 125 (1975); see also For Your Eyes Alone, 281 F.3d at 1220 (holding that the costs of duplication and delay, in the First Amendment context, caused by Younger should be taken into account).

E.F. dreams of being a rap artist, but he understands the importance of staying in school. See Aff. E.F., Dkt. No. [3-2] ¶ 32. Defendants have taken away both of these opportunities from E.F. E.F. respectfully requests that this Court reconsider whether E.F. is suffering irreparable harm.

IV. <u>E.F. has no alternative state forum where constitutional issues can be raised making abstention inappropriate.</u>

Even if all three Middlesex factors favor abstention, Younger abstention is inappropriate when the there is no adequate alternative state forum where the federal

---

choice of whether to litigate in a federal or state forum. See For Your Eyes Alone, 281 F.3d at 1219.

plaintiff can raise his constitutional claims. Dander v. Church of Scientology Flag Serv. Org., 619 F. App'x 945, 948 (11th Cir. 2015). Under the state school discipline appeal process, E.F. must first run his appeal through the State Board of Education, then he is permitted to appeal to the Georgia Superior Court of Troup County, where the facts are still limited to the closed record and decided under the "any evidence" standard. See O.C.G.A. § 20-2-1160. Appeal to the Georgia Court of Appeals is by application for that court to accept an appeal by discretion.[11] For reasons explained in Section II of this brief, E.F. does not have an adequate state forum where he can raise his constitutional claims and seek immediate relief. See O'Hair v. White, 675 F.2d 680, 694 (5th Cir. 1982) ("[T]he mere availability of an alternative state forum is not a sufficient basis to abstain.").

V. Conclusion

E.F. filed this action and a notice of appeal to the State Board of Education as a protective measure because failing to do so meant he "risked losing the opportunity to obtain any review federal or state[.]" See Sprint, 571 U.S. at 75. E.F. believes that he can prevail on his state appeal under state law claims alone, but raised Defendants' First Amendment violations in the state process in order to preserve all issues. See, e.g., O.C.G.A. § 20-2-751.5(c) (requiring a showing that student's off-

---

[11] See O.C.G.A. § 5-6-35(a)(1); Ga. Ct. App. Rule 31(b).

campus conduct constituted felonious conduct and school disruption for "any off-campus behavior"). E.F. should not be precluded from federal injunctive relief simply because he chose to exercise his appeal rights.

E.F. respectfully requests that the Court reconsider and find the following: (1) that the possibility of mooting the state proceeding does not constitute undue interference with the state process in the Eleventh Circuit, under the first <u>Middlesex</u> factor; (2) that the Georgia school discipline appeal process would not provide an adequate opportunity for E.F. to raise his First Amendment free speech claim and obtain the immediate relief he requested, under the third <u>Middlesex</u> factor; (3) that E.F. is suffering irreparable harm from the ongoing chilling of his speech and denial of a public education; and (4) E.F. does not have an alternative state forum where he can bring his constitutional claims, making his case an "exceptional circumstance" to refrain from invoking <u>Younger</u> abstention. After reconsideration, if this Court makes any of the above findings, E.F. respectfully requests that the Court change its position on <u>Younger</u> abstention, accept jurisdiction, and grant E.F.'s motion for a preliminary injunction.

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this brief complies with L.R. 5.1B and 7.1, and that this brief is Times New Roman font size 14 point.

Dated November 13, 2019.

                Respectfully submitted,

                /s/Eugene Choi
                Eugene Choi, GA Bar No. 121626
                Lisa J. Krisher, GA Bar No. 429762
                Homero Leon, Jr. GA Bar No. 446585
                Attorneys for Plaintiff

GEORGIA LEGAL SERVICES PROGRAM
104 Marietta Street, Suite 240
Atlanta, Georgia 30303
Tel: (404) 563-7715 ext. 1583
Fax: (404) 463-1584
echoi@glsp.org