## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

E.F., a minor, by and through,
LAQUARBASHAUN FORD, his
mother,

     Plaintiff,

v.

TROUP COUNTY SCHOOL DISTRICT,
BRIAN SHUMATE, in his individual
and official capacity, and ALTON
WHITE, in his individual and official
capacity,

     Defendants.

CIVIL ACTION FILE
NO. 3:19-CV-141-TCB

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION FOR RECONSIDERATION

COME NOW, DEFENDANTS in the above-captioned matter, and file this

Response to Plaintiff's Motion for Reconsideration of the Court's Order of

October 25, 2019, [Doc. 20], showing this Honorable court as follows:

## INTRODUCTION

E.F. moves this Court for extraordinary relief on top of extraordinary relief:

reconsideration of its Order temporarily disposing of his already far-reaching

emergency request for injunctive relief. But E.F. does not bolster his Motion with

newly discovered evidence; nor does her articulate an intervening development or change in controlling law. And while he appears to argue that the Court committed clear errors of law, he simply repackages familiar arguments that have already been presented and rejected. So, E.F.'s Motion must be denied.

## ARGUMENT AND CITATION OF AUTHORITY

### I.   E.F. does not meet the standard for a motion for reconsideration.

Motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure. Hernandez v. Metro. Atlanta Rapid Transit Authority, No. 1:08-CV-1852, 2011 WL 13161794 at *1 (N.D. Ga. Feb. 22, 2011) (Batten, J.). Nonetheless, Local Rule 7.2E provides for the filling of such motions. But as the Rule states, they should only be filed where "absolutely necessary" and not "as a matter of routine practice." Id. (citing Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557 1560 (N.D. Ga. 1995)).

"Reconsideration is only 'absolutely necessary'" in three limited circumstances: "where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003) (Martin, J.). Thus, motions for reconsideration that do not raise one of these circumstances "must be denied." Id. (citing Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103

F. Supp. 2d 1322, 1338 (N.D. Ga. 2000). This is so because the purpose of the motion is not "an opportunity to show the court 'how it could have done better.'" Id. (quoting Preserve Endangered Areas of Cobb's History, Inc., 916 F. Supp. at 1560). Nor should parties use the motion as a vehicle "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id.  In other words, the motion is not a substitute for an appeal. Hernandez, 2011 WL 13161794 at *1 (citing and quoting In Re Howell, 242 B.R. 541, 542–43 (Bankr. N.D. Ga. 1999).[1] The motion is instead an extraordinary remedy that is only to be used in the clearest of circumstances.

Here, the only basis for E.F.'s Motion appears to be that he believes the Court committed clear errors of law. But E.F. does not present the Court with any new authority that demonstrates as much; he relies on the same authority that was already rejected by the Court. See Bryan, 246 F. Supp. at 1259. Nonetheless, for the reasons explained below, the Court did not clearly err when it abstained from exercising jurisdiction under Younger and its progeny.

---

[1]  Speaking of which, since E.F. has filed a Notice of Appeal. [Doc. 22],  he appears to have divested this Court from jurisdiction to even entertain this Motion in the first instance. Cf. U.S. v. Victoria, 963 F.2d 1412, 1415 (11th Cir. 1992) ("The governments timely filing of a notice of appeal in this case divested the district court of jurisdiction before it empaneled the jury.").  Nonetheless, Defendants file this response out of an abundance of caution.

**II.    The Court did not commit clear errors of law.**

E.F. attacks the Court's discretionary authority to abstain on two main grounds. First, E.F. argues that the Court erred in applying the <u>Middlesex</u> factors— specifically factors one and three. [Pltf.'s Memo., Doc. 21-1 at 2–10]. Second, E.F. argues that the Court erroneously concluded that none of the extremely narrow exceptions to <u>Younger</u> abstention apply here. [<u>Id</u>. at 10–15]. But again, E.F. has already presented these arguments to the Court, which rejected them. The arguments are no more persuasive the second time around.

**A.    The Court correctly reasoned that the *Middlesex* factors favored abstention.**

The Court correctly reasoned that the three <u>Middlesex</u> factors favored abstention. [Order, Doc. 20 at 10–17]. Those three factors are whether: "(1) there is an 'ongoing' state-court proceeding at the time of the federal action; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." <u>Tokyo Gwinnett, LLC v. Gwinnett Cty.</u>, 940 F.3d 1254, 1268 (11th Cir. 2019) (citation omitted). E.F. argues that the Court clearly erred with respect to factors one and three here. But E.F. is wrong.

1.    **The ongoing disciplinary proceeding would be unduly interfered with.**

As an initial matter, E.F. appears to argue the School System must show direct interference with the ongoing disciplinary proceeding in order to satisfy the "undue interference" element under the first <u>Middlesex</u> factor. [See Pltf.'s Memo, Doc. 21-1 at 6]. But the Eleventh Circuit has made clear that "[t]he relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for <u>Younger</u> abstention to be required." <u>31 Foster Children v. Bush</u>, 329 F.3d 1255, 1276 (11th Cir. 2003). So E.F.'s notion that direct interference must be shown finds no support in the case law.

E.F. likewise conflates the doctrine of abstention and the doctrine of exhaustion of administrative remedies to argue that he should not have to complete the appeals process before proceeding to federal court. [<u>Id.</u> at 6]. And he further this point with citation to <u>Patsy v. Bd. of Regents</u>, 457 U.S. 496 (1982). But the Court should not be fooled. As the Supreme Court has explained, the two doctrines are separate and distinct; they should not be conflated by litigants as E.F. does here. <u>Gibson v. Berryhill</u>, 411 U.S. 564, 574 n. 13 (1973) ("The doctrine of exhaustion of administrative remedies should, however, be kept distinct from other equitable doctrines such as those exemplified in <u>Younger v. Harris</u>, 401 U.S.

37 (1971) . . . which do require a federal court to defer in appropriate circumstances to state judicial proceedings.").

E.F.'s reliance on Wexler v. Lepore[2] is equally misplaced. [See id. at 3–4, 6]. That case is legally, factually, and *explicitly* distinguishable from this case. Legally speaking, Wexler involved state law claims in state court and federal law claims in federal court. Wexler, 385 F.3d at 1338, 1339–41. Thus, the same legal issue of federal law was not simultaneously before two separate courts. Factually speaking, the federal court plaintiffs were also the plaintiffs to the state court proceedings. Id. Thus, a dispositive decision on the same set of facts but on two separate theories of law would "not offend the respectful relationship between state and federal courts." Id. at 1341. And to further clarify that Wexler's holding does not reach this case, the Wexler Court explicitly distinguished the scenario presented in E.F.'s case from the scenario presented there. See id. at 1340. ("Abstention might be more appropriate when the federal plaintiff, as a defendant in state court chose not to assert a constitutional *defense*. Abstention in those cases acknowledges state courts' ability to entertain constitutional issues.") (emphasis in original). Thus, nothing about Wexler affects this Court's analysis.

---

2   385 F.3d 1336 (11th Cir. 2004).

Finally, E.F. bolsters his remaining arguments under the first <u>Middlesex</u> factor by distinguishing other cases where courts have found abstention proper. [Pltf.'s Memo, Doc. 21-1 at 4–5]. And while he argues that his requested relief would only result in minimal interference here, E.F. fails to mention exactly what relief he has requested, nor does he provide any analysis of it.

A decision by this Court would not just moot the state proceedings, it would reverse the tribunal's decision all together. <u>See</u> <u>Boyd v. Georgia</u>, 619 Fed. App'x 915, 918 (11th Cir. 2013) ("A finding that the traffic stop was unconstitutional would interfere with the state court's adjudication of the validity of the traffic citation. Thus, the federal proceeding would interfere with the state proceeding.").

Moreover, placing E.F. back into Lagrange High School during the pendency of the state proceedings directly contravenes the punishment the School System ordered, and it would interfere with the School's ability to effectively punish student misconduct. <u>See</u> <u>Moore v. Judicial Inquiry Comm'n of Ala.</u>, 200 F. Supp. 3d 1328, 1334–37 (M.D. Ala. 2016) (holding that first <u>Middlesex</u> factor favored abstention because placing disqualified judge back on court during pendency of state proceeding frustrated state's ability to regulate judicial officers).

Likewise, ordering the School System to provide E.F. remedial education services that it should not otherwise have to provide is precisely the type of

oversight that <u>Younger</u> abstention counsels against. So too, is E.F.'s request that Defendants be enjoined from enforcing the relevant provisions of the student disciplinary code. These are only "some of the problems that would arise" if the Court were to accept E.F.'s invitation "to arrogate to itself the role of overseer" of the School System's disciplinary process. <u>See</u> <u>Pompey v. Broward Cty.</u>, 95 F.3d 1543, 1550 (11th Cir. 1996) (affirming trial court's decision to abstain under <u>Younger</u>).

### 2.      E.F. has an adequate opportunity for judicial review.

For a variety of reasons, E.F. argues that he does not have an adequate opportunity for judicial review of his First Amendment claim in the state court proceedings, and thus, the third <u>Middlesex</u> factor is not met here. [Pltf.'s Memo, Doc. 21-1 at 7–10]. But, like his arguments under the first factor, E.F.'s arguments here are equally unavailing.

As an initial matter, E.F. still does not present unambiguous authority demonstrating that he is precluded from raising his First Amendment defense in the state court proceedings. This is fatal to his argument. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." <u>Butler v. Ala. Judicial Inquiry Comm'n,</u> 245 F.3d 1257, 1262 (11th Cir. 2001).

E.F. suggests that judicial review of his First Amendment defense is somehow limited because "the appeal process is confined to the discipline hearing record[.]" [Id. at 8]. But E.F. has nevertheless asserted his First Amendment defense all along the way. [See Complaint at ¶ 68; see also Decl. of Dr. Brian Shumate, Doc. 14-2 at ¶ 4]. So there is simply no basis for his assertion that the state board would have to consider the issue *sua sponte*.

E.F. also argues that the standard of review employed in the appeal process likewise demonstrates that he does not have an adequate opportunity for judicial review. [Pltf. Memo., Doc. 21-1 at 8]. But this only underscores the notion that E.F. does in fact have an opportunity for judicial review. And in any event, E.F. does not provide authority for the notion that an unfavorable standard of review means that his opportunity for judicial review is somehow inadequate. But see 31 Foster Children, 329 F.3d at 1279–81 (recognizing that "the relevant question is not whether the state courts can do all that Plaintiffs wish they could" and holding that the plaintiffs had not demonstrated they were procedurally precluded from presenting their claims in the state court proceeding).

Finally, E.F.'s suggestion that the state officials adjudicating the First Amendment issue are incompetent, [See id. at 9], is precisely the type of reasoning that Younger rejects. See Pompey, 95 F.3d at 1550 ("The state courts are courts of

equal dignity with all of the federal 'inferior courts'—to use the Framers' phrase—and state courts have the same duty to interpret and apply the United States Constitution as we do.").

In sum, the Court correctly concluded that the <u>Middlesex</u> factors favored abstention.

**B.     The Court correctly reasoned that none of *Younger*'s exceptions apply.**

E.F. does not confine his quibbles with the Court's Order to the <u>Middlesex</u> factors. E.F. also argues that the Court clearly erred in finding that none of <u>Younger</u>'s three extremely narrow exceptions apply. [<u>Id.</u> at 10–15]. As the Court correctly recognized, however, those three exceptions are where: "'(1) there is evidence that the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where constitutional issues can be raised.'" <u>Dandar v. Church of Scientology Flag Service Org., Inc.</u>, 619 Fed. App'x 945, 948 (11th Cir. 2015) (quoting <u>Hughes v. Att'y Gen. of Fla.</u>, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)). And "[h]ere there is no evidence any of those exceptions exist." [Order, Doc. 20 at 17]. Although E.F. argues to the contrary with respect to exceptions two and three, again, these arguments have already been raised and rejected. Nevertheless, E.F. is wrong on both.

1.    **E.F. has not demonstrated the irreparable injury exception.**

The exception for irreparably injury is extraordinarily narrow. See Hughes, 377 F.3d at 1263 n.8 ("This Circuit has emphasized the narrowness of this exception to the Younger doctrine."). For it to apply, E.F. must show that the "state law is 'flagrantly and patently violative of express constitutional provisions." Dandar, 619 Fed. App'x at 948 (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 366 (1989)). That is, it must be directly irreconcilable with an express constitutional provision "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Younger, 401 U.S. at 53–54. This exception is so narrow that there has never been a single instance in which the Supreme Court has applied this exception. [Def.'s Brief in Resp. to Motion for Prelim. Injunction, Doc 14-1 at 15].

E.F. may proclaim that the chilling effect of his punishment demonstrates irreparable injury which thereby justifies intervention. [Pltf.'s Memo, Doc. 21-1 at 10–11]. But as the Younger Court itself recognized "the existence of a chilling effect, even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action." 401 U.S. at 51 (quotation marks omitted). E.F.'s proclamations to the contrary simply lack support in the case law.

### 2.    E.F. has not demonstrated that the state forum is inadequate.

E.F. attacks the nature of the appeal process itself in order to demonstrate that the state forum is inadequate. [Id. at 13–14]. But E.F. does not argue that he is procedurally prevented from petitioning for a writ of certiorari to the United States Supreme Court, as he must, in order to satisfy this exception. Dandar, 619 Fed. App'x at 948 ("As long as the litigant is not procedurally prevented from raising the constitutional claims in state court and thereafter petitioning for a writ of certiorari in the United States Supreme Court, this exception to abstention is not triggered."). So E.F. likewise cannot demonstrate this exception.

In sum, E.F.'s Motion does that which courts in the Northern District of Georgia have forbidden; it simply repackages familiar arguments already raised and rejected. But the Court did not clearly err as a matter of law in disposing of those arguments. So. E.F. does not deserve the extraordinary relief he requests, and the Court need not reconsider its well-reasoned Order.

### CONCLUSION

For the reasons above, the Court should DENY E.F.'s Motion for Reconsideration.

Respectfully submitted this 26th day of November, 2019.

**HALL BOOTH SMITH, P.C.**

*/s/ Russell A. Britt*
KENNETH D. JONES
Georgia Bar No. 402101
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  kjones@hallboothsmith.com
Email:  rbritt@hallboothsmith.com
Email:  pcunningham@hallboothsmith.com

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendants certifies that the above and foregoing is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1B and C.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

E.F., a minor, by and through,
LAQUARBASHAUN FORD, his
mother,

      Plaintiff,

v.

TROUP COUNTY SCHOOL
DISTRICT, BRIAN SHUMATE, in
his individual and official capacity,
and ALTON WHITE, in his
individual and official capacity,

      Defendants.

CIVIL ACTION FILE
NO. 3:19-CV-141-TCB

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**Defendants' Response to Plaintiff's Motion for Reconsideration** upon all parties

to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid,

addressed to counsel of record as follows and/or filing said document with the CM/ECF

system which will automatically send electronic notification to the following:

Eugene Choi, Esq.
Lisa J. Krisher, Esq.
Homero Leon, Jr.
Georgia Legal Services Program
104 Marietta Street, Suite 240
Atlanta, GA 30303

Respectfully submitted this 26th day of November, 2019.

**HALL BOOTH SMITH, P.C.**

*/s/ Russell A. Britt*
KENNETH D. JONES
Georgia Bar No. 402101
RUSSELL A. BRITT
Georgia Bar No. 473664
PEARSON K. CUNNINGHAM
Georgia Bar No. 391024

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  kjones@hallboothsmith.com
Email:  rbritt@hallboothsmith.com
Email:  pcunningham@hallboothsmith.com